HICOK *vs.* COATES.

DEMURRER to pleadings. The declaration is in trespass *de bonis asportatis.* The goods charged to be taken are 100 sides of sole leather, 100 sides of upper leather, 100 calf skins, &c. The defendant pleaded, 1. *Non cul ;* 2. Licence of the plaintiff; 3. A justification as to 12 sides of sole leather, parcel of 100 sides in the declaration mentioned, the defendant averring that by virtue of an execution on a judgment in favor of A. Blanchard against C. Woodruff, he, as a deputy of the sheriff of Cortland, levied on 50 sides of sole leather, 12 of which, by the connivance and procurement of Hicok, the plaintiff in this cause, and without the consent of him, the defendant, came to the possession of the plaintiff, having notice of the levy; and that thereupon, he, the defendant, in further execution of the writ, did peaceably and quietly take the 12 pieces of sole leather, as he lawfully might ; and 4. A similar justification for *all* the property specified in the declaration, averring a levy under the same part of the declaration, the plaintiff must demur, and doing so, he shall have judgment.

*A purchaser for a valuable consideration of chattels levied upon by an execution and suffered to remain in the possession of the defendant under orders from the plaintiff to the sheriff to suspend proceedings until further directions, ac-. quires title to the same, and may maintain trespass against the sheriff for dispossessing him of the property.*

*Where a plea is an answer to but a part*

Where a party sets up title by purchase to personal property, claimed under a *dormant* execution, it is not necessary to aver time or place of purchase, or of directions given to suspend proceedings under the execution, nor that such directions were given to defraud, nor is it necessary to set forth the consideration paid ; and the omission in the pleadings to set forth these particulars cannot be taken advantage of even by *special demurrer.*

NEW-YORK,
May, 1829.

Hicok
v.
Coates.

execution, a subsequent possession by the plaintiff, and a recaption as in last plea. The plaintiff *replied* to the *second* plea, denying the licence ; to the *third*, that the 12 sides of sole leather were sold to the plaintiff in the suit by the defendant in the execution with the consent of Blanchard, the plaintiff in the execution, and that the plaintiff in the execution was a *bona fide* purchaser for a good and valuable consideration, without notice of the execution or levy ; and to the *fourth*, that after the levy under the execution, the defendant, by the order and direction of the plaintiff in the execution, suffered and permitted the goods levied upon to remain in the possession of the defendant in the execution, and subject to his control and disposal, and directed the defendant in the suit to desist and forbear from selling and disposing of the goods until he should be otherwise ordered by him ; and that he, the plaintiff, did *bona fide*, and for a valuable consideration, purchase the goods of the defendant in the execution during the time that the defendant in this suit was ordered and directed to suspend proceedings upon the execution. The defendant *demurred* to the replications to the third and fourth pleas, and assigned a number of special causes. The special causes of demurrer *to* the replication to the fourth plea are, 1. That the time when the goods were permitted to remain in the possession of the defendant by the order of the plaintiff in the execution is not stated with sufficient certainty ; 2. That it is not shewn for what purpose such directions were given ; and 3. That neither the time nor place of purchase by the plaintiff, nor the consideration of the purchase is set forth. The plaintiff joined in demurrer.

*J. A. Spencer*, for plaintiff.

*N. Dayton*, for defendant.

. *By the Court*, SAVAGE, Ch. J. The plaintiff insists that the defendant's third plea is bad, being an answer only to a part of the declaration ; and that even if the replication is defective, still, the defendant having committed the first fault in pleading, the plaintiff is entitled to judgment. The plea is certainly bad for the cause mentioned. The declaration

claims a large number of sides of sole and upper leath- <span style="float:right">NEW-YORK,</span>
er and skins.   The plea justifies the taking of only twelve May, 1829.
sides of sole leather.   Mr. Chitty says, (1 *Chitty's Pl.* 509,) Hicok
that such a plea is not demurrable, and that the plain- v.
tiff should take judgment as by *nil dicit* for so much as Coates.
is not justified ; but this court, in *Sterling* v. *Sherwood*, (20
*Johns. R.* 204,) held a contrary doctrine, and said that the
plaintiff should demur.   The plaintiff is therefore entitled to
judgment upon the demurrer to the replication to the third
plea.

As the fourth plea is conceded to be good, the replication
to it must stand upon its own merits.   The facts stated in
the plea are, that the defendant, as sheriff, had levied on the
property in question, and that the plaintiff, knowing that fact,
had improperly obtained possession of it ; and therefore the
defendant peaceably re-took the property, in order to ex-
ecute the writ by virtue of which he had levied.   The repli-
cation does not deny the levy, but says, that after the levy the
plaintiff in the execution ordered the defendant (the officer)
to suspend further proceedings till he, the plaintiff in the ex-
ecution, gave further directions ; that during this suspension,
Woodruff, the defendant in the execution, with whom the
property was left, sold it to the plaintiff in this suit for a val-
uable consideration.   Assuming these facts to be true, the
plaintiff had a good title to the property.   The plaintiff in
the execution, in consequence of the directions given by him
to the defendant, (the officer,) lost his lien upon the proper-
ty ; the execution became dormant; and any other creditor
would have had a right to take it, or a purchaser for a val-
uable consideration would acquire title to it.   The replica-
tion is therefore good in substance.

As to the form of the replication, it is objected that no
time or place is mentioned when the orders were given
to stay proceedings, or when the plaintiff purchased the
property ; the answer to which is, that neither of those
facts was necessary to be averred.   Where time and place
are not material, the time and place in the declaration can-
not be departed from in the plea or replication, and there-
fore need not to be repeated.   (2 *H. Bl.* 261.   1 *Chitty's*

*Pl.* 624.   1 *Saund.* 8, n. 2.)   Nor is it necessary that the delay should have been made with a view to defraud any one.   Where the plaintiff in an execution directs an indefinite stay of proceedings, such direction is a supersedeas to the execution so far as third persons are concerned.   Nor was it necessary in this case to set forth in the replication the consideration paid by the purchaser ; that is required only in cases where the rights of an assignee prosecuting in the name of the assignor are to be protected.   So are the cases cited. (17 *Johns. R.* 284.  1 *Mass. R.* 117.  1 *Cowen*, 620.   6 *id.* 151.)   Here the plaintiff purchases as if no execution had issued. The consideration is a subject for the inquiry of the jury, to ascertain the *bona fides* of the purchase ; but it is not necessary to be stated in pleading.

The plaintiff is entitled to judgment on the demurrer, with leave to the defendant to amend on payment of costs.