ALBANY,
Jan. 1832.

Slocum
v.
Despard.

</div>

---

## SLOCUM & HOGAN *vs.* DESPARD.

Where a party agreed, *on the payment* by another, of certain sums of money to a *third person*, to assign certain *certificates of sale* of land, *it was held*, that the covenants were *independant*, and that in a suit by the party bound to assign, a general averment in the declaration of readiness on his part to perform, was sufficient.

It is no defence at law, that a *covenant* on which the defendant is sought to be charged, was obtained by false and fraudulent representations ; fraud as to the *execution*, but not as to the *consideration* of a covenant, may be shewn.

If a plea *profess to answer* only a *part* of a count, and is in truth but an answer to part, the plaintiff may *demur*, and is not bound to take judgment for the part unanswered : *so held*, where, in covenant, two breaches were assigned, and the defendant put in a plea as to the breach *first assigned*, without taking any notice of the second breach.

So also, where a plea professes to answer *all* the breaches assigned in a declaration where there are two or more, and is in fact but an answer to one, the plaintiff may demur.

DEMURRER to pleas.   The plaintiffs declared in *covenant* on an article of agreement, bearing date 11th March, 1828,

ALBANY,
Jan. 1832.

Slocum
v.
Despard.

whereby the *defendant* agreed by the first Monday of *May,* 1828, to pay two certain notes made by the plaintiffs, to H. Baldwin, bearing date 18th July, 1827; the one payable in 3, and the other in 6 months after date; and also, to pay to the plaintiffs, in four months from the date of the agreement, $233, deducting thereout such costs as should, previous to the first Monday of May, have been made on the notes to Baldwin, and the like sums in 9 and 12 months after the date of the agreement. And the plaintiffs *upon the payment of the said two notes,* agreed to assign to the defendant two certificates of the surveyor-general, for *two* certain lots specified in the agreement. The plaintiffs then averred that although they had always been ready and willing to perform on their part, the defendant did not at the time specified, or at any other time, pay the notes payable to Baldwin; *and further,* that he did not pay the sum of $233, first specified in the agreement, deducting thereout $10 costs, which had accrued on the notes payable to Baldwin. There is a *second count* similar to the first, except that it is averred that no costs had accrued on the notes payable to Baldwin. The defendant, after pleading *non est factum,* puts in two special pleas; the first commencing thus: "And for a further plea in this behalf as to the said supposed breach of covenant, in the said plaintiffs' declaration *first assigned,* the said defendant by leave, &c. saith that the writing obligatory, in the declaration mentioned, was made *in consideration* that the plaintiffs should assign the certificates specified in the declaration, on payment of the notes made to Baldwin; that previous to the first Monday of May, 1828, to wit, on the 3d of May, 1828, the defendant was ready and willing and tendered and offered to pay to Baldwin the amount of the notes, including principal, interest and costs, amounting in the whole to $421,60, but that Baldwin refused to receive the same, and although the plaintiff had notice of such tender and refusal, they refused to assign the certificates. The defendant then avers that ever since the 3d of May he has been ready and willing to pay Baldwin, and brings the money into court. The commencement of the second special plea is thus: "And for a further plea in this behalf, as to the said supposed breach of covenant, in the said plaintiffs'

declaration above assigned, the said defendant, by leave &c. saith," &c. setting forth that the surveyor-general's certificates specified in the agreement, were holden by Baldwin; that on the 18th July, 1827, Baldwin agreed to assign them to the plaintiffs *on the payment* to him of $195 in 3 months, and a like sum in 6 months, for the payment of which they gave him their notes; that when the agreement was made between the plaintiffs and the defendant, Baldwin was not bound by law to assign the certificates, and the plaintiffs had not any assignment of, or a legal right to the certificates, although they falsely and *fraudulently represented* to the defendant that Baldwin had agreed to enlarge the time of payment of the two notes of the plaintiffs to the first Monday of May, 1828. The defendant then avers that Baldwin had not so agreed, and that the plaintiffs well knew the same, &c. To these two pleas the plaintiffs demur.

*J. A. Spencer*, for plaintiffs.

*Greene C. Bronson*, (attorney-general) for the defendant.

*By the Court,* SUTHERLAND. J. Both pleas are unquestionably bad. Each of the counts in the declaration assign two breaches: 1. The neglect of the defendant to pay the Baldwin notes; and 2. His neglect or refusal to pay the first instalment of $233. The second plea takes no notice whatever of the second breach; it is in terms confined to the said supposed breach of covenant in the said plaintiffs' declaration *first assigned*. Mr. Chitty lays down the rule that if a plea profess to answer only a part of the count, and is in truth but an answer to part, the plaintiff cannot demur, but must take his judgment by *nil dicit* for the part unanswered; and if he demur or plead over, it amounts to a discontinuance, and he is supported in this position by Mr. Sergeant Williams, in a note to *Manchester* v. *Vale,* 1 Saund, 28, n. 3. But this court, in *Sterling* v. *Sherwood,* 20 Johns. R. 204, upon an examination of the authorities referred to by Mr. Chitty and Sergeant Williams, came to the conclusion that they did not support the proposition laid down by

ALBANY,
Jan. 1832.

Slocum
v.
Despard.

those writers, and accordingly gave judgment in that case for the plaintiff on demurrer to the defendant's second and third pleas, on the ground that they answered only a part of the libellous matter charged in the declaration. The court repose themselves upon the opinion of Willes, Ch. J. in *Bully-thrope* v. *Turner*, Willes, 475, 80, and Yelv. 38, Cro. Jac, 27, Cro. Eliz. 434, 2 Ventris, 193, and 3 Johns. Cas. 205. This question was again before this court in *Hicock* v. *Coates*, 2 Wendell, 419 where the case in 20 Johns. R. was considered as establishing the rule, and was accordingly followed. That is now the established law in this court.

The third plea may perhaps be considered as *professing* to answer all the breaches assigned in the declaration, but in truth only answers the first; that this is ground of demurrer, never has been questioned. 1 Chitty, 509, 10. 1 Saund. 28, notes 1, 2, 3. The matter contained in this plea, if well pleaded, is no defence at law. It is substantially that the defendant's covenant was obtained by the false and fraudulent representations of the plaintiffs in relation to a particular fact. It is well settled that fraud as to the *consideration* cannot be set up at law to avoid an agreement under seal, but only fraud as to the execution. 2 Johns. R. 177. 13 id. 430. 5 Cowen, 508, 9, 20 Johns. R. 130. Both pleas are therefore bad.

But it is said the declaration is bad, and that on that ground the defendant must have judgment. It is contended that the covenants in this case are dependent, and that the plaintiffs were bound to prefer performance on their part, or an offer to perform, before they can recover from the defendants. Oyer of the articles of agreement is not given, but the declaration states that the defendant agreed to pay by the first Monday of May, 1828, two certain notes made by the plaintiffs, payable to Harvey Baldwin, describing them particularly, and also at subsequent periods several other sums in different instalments; and that the said plaintiffs, by the said articles of agreement, agreed, *upon the payment of the said two notes as aforesaid* to assign to the said defendant the surveyor-general's certificates, &c. If the payment of the notes and the assignment of the certificates were to take place at the same time, the covenants

are dependent, and neither party can recover from the other without averring performance on his part. It becomes a condition precedent, and must be distinctly and specially averred. A general averment is not sufficient. Sugden Vend. 162, 3. 5 H. Black, 123. 2 Johns. R. 207. 10 id. 266. 12 id. 212. 5 id. 181. 20 id. 14, 24, 130. 6 Cowen, 1. 5 Wendell, 496. But in *Northrup* v. *Northrup*, 6 Cowen, 296, the court held, upon covenants precisely in principle like those in the case at bar, that they were independent. The defendant in that case had covenanted to pay certain rent due and in arrear to one Tomlinson, and all which should become due on the 25th March, 1825, the whole to be paid on that day; and the plaintiff covenanted that on the defendant's so paying the rent, he, the plaintiff, would give up and discharge a certain bond and mortgage. The chief justice said that the payment of the money to Tomlinson on the day specified, was clearly a condition precedent; that the performance by the plaintiff of his part of the agreement was not necessarily simultaneous, but was naturally to be subsequent, and that a general averment of his readiness to perform was all that was necessary. I apprehend the conclusion of the chief justice, that the performance by the plaintiff of his part of the agreement was naturally to be subsequent to the performance of the defendant, must have rested principally upon the circumstance, that the payment to be made by the defendant was to be made to a third person, and not to the plaintiff himself, and that he was of course bound to produce evidence of it, which presupposed the act to have been done before the plaintiff was bound to perform; that circumstance also exists in this case, and is entitled to the same weight here that was given to it in *Northrup* v. *Northrup*. Independently of that circumstance, it appears to me that neither that nor this case can be distinguished from many of those referred to, in which the covenants were held to be dependent; but the inquiry always is, what was the intention and understanding of the parties to be derived from their contract? If they intended that the one act should precede the other, the covenants are independent. Such probably is the legal construction of the covenants in this case. The declaration therefore is good.

<div align="right">
ALBANY,
Jan. 1832.

Slocum
v.
Despard.
</div>

<div style="margin-left">
ALBANY,
Jan. 1832.

Jackson
v.
Chamberlain.
</div>

Neither of the pleas shew that the plaintiff was incapacitated to procure or make the assignment of the surveyor-general's certificates. I am, however, inclined to the opinion that the second plea would have been a good answer to the first breach, if it had averred that Baldwin was the holder and owner of the notes when the defendant offered to pay them. The breach is, that the defendant did not pay two certain notes made by the plaintiffs, payable to Harvey Baldwin. The plea is, that the defendant did offer and tender payment to Baldwin on the day, which he refused to accept. If Baldwin was the holder and owner of the notes at that time, what more could the defendant have done? I do not, however, intend to express a definitive opinion upon this point.

The plaintiffs must have judgment on the demurrers to the defendant's second and third pleas, on the grounds already stated, with leave to the defendant to amend on payment of costs.