By the Court,

Sutherland, J.
The demurrer is well taken. All the counts in the plaintiff’s declaration are defective. The consideration money, though payable by instalments, was all due before the bringing of this action ; and the breach assigned in all the counts is the non-payment of the whole consideration money, and not of the first or second instalment. The plaintiff was therefore bound to declare precisely as though the action had been brought for the last instalment, or as though the whole purchase money had, by the terms of the covenant, been then payable.
The defendant covenanted to pay the plaintiff for the land, $155 in three equal annual payments from date, with interest annually on the whole sum, until paid ; “ and upon the payment thereof, (the covenant proceeds,) I am to receive from said Johnson a good warrantee deed of said land.” The payment of the last instalment, on the whole consideration money, and the giving of the deed, were to be concurrent acts. Upon the payment of the money the deed was to be given. It is well settled that covenants like these are dependent, and that neither party can recover against the other without averring a tender of performance on his part; a mere readiness to perform is not sufficient. If the vendor sues for the consideration money, he must aver a tender of such a deed as, by the terms of the contract, he was to give. If the action is brought by the vendee against the vendor, for not conveying, he must aver a ten-der of the consideration *money before suit brought. Thus in Green v. Reynolds, 2 Johns. R. 207, the plaintiff covenanted to execute and deliver to the defendant a good and sufficient deed for eighty-four acres of land, on the 1st day of May, 1806; and the defendant, on his part covenanted to pay the plaintiff $1000 on the first day of May, 1806, and a further sum at a subsequent day. The action was brought for the $1000, and the declaration upon general demurrer was held bad, because it did not aver that the plaintiff had tendered a deed on the first of May, 1806. The court say, the covenants are clearly dependant; the $ 1000 being in part of the consideration for the deed, and to be paid on the same day the deed was to be delivered, the fair intent and good sense of the contract is, that the money is not to be paid until the deed is ready for delivery. The declaration, therefore, is defective, in not averring a tender of the deed by the plaintiff. In Jones v. Gardner, 10 Johns. R. 266, the plaintiff covenanted to execute a deed to the defendant on the first of May then next, and the defendant covenanted to pay the plaintiff on that day $500. The covenants were held to be dependant, and that it was incumbent on the plaintiff to aver a tender of the deed before he could recover the $500. In Gazley v. Price, 16 Johns. R. 267, covenants like these were again held to be dependant, and that neither party could recover against the other, without averring a performance on his part. In Parker v. Parmele, 20 Johns. R. 130, the preceding cases are again referred to, and the same doctrine is again applied to covenants of the same description ; and it was held that the vendor could not recover upon an averment that he was at the day ready and willing to convey, but he must allege an actual tender or offer to convey. The English authorities very clearly maintain the same doctrine. Sugd. Vend. 162, 3. 2 H. Bl 123. Dougl. 620.
The cases of Northrup v. Northrup, 6 Cowen, 296, and Slocum & Hogan v. Despard, 8 Wendell, 615, 18, explicitly acknowledge the same general doctrine, and in the latter case all the authorities are referred to in support of it.
But the covenants in those cases were held to be independent, from the circumstance that the money was to be paid to a third *person and not to *52 the vendor; and that the vendee was of course bound to produce evidence of the payment having been made before the vendor was bound to convey. That circumstance was supposed to indicate the intention and understanding of the parties that the payment was to be first made ; and it was accordingly held that in an action by the vendor, a general averment of readiness on his part to perform was sufficient; but those cases were not intended to depart from or shake the well settled general rule established by the previous cases.
Judgment for defendant on the demurrer, with leave to plaintiff to amend, on payment of costs.