UTICA,
July, 1834.

Etheridge
v.
Osborn.

---

ETHERIDGE vs. OSBORN.

A verdict and judgment thereon, on a fact or title distinctly put in issue, may be pleaded by way of *estoppel* in another action between the same parties or their privies, in respect of the same fact or title.

In *England*, if a plea begins as an *answer only to part* of the declaration, and is in truth only an answer to part, the plaintiff cannot *demur*, but must take judgment for the part unanswered as by *nil dicit*. Here, however, it is otherwise; and to such plea a *general demurrer* will be sustained.

THE plaintiff declared in *indebitatus assumpsit*, for the *use and occupation* of certain premises, viz. a race-way, water, and water privileges, laying the *indebtedness* on the first day of May, 1831, and claiming the sum of $200. The declaration also contained a count upon a *quantum meruit*, for the use and occupation of the same premises. The defendant pleaded *non-assumpsit* and a *special plea*, to which the plaintiff demurred. Attached to the demurrer books presented to the court, by stipulation between the parties, was a *bill of particulars*, in which the plaintiff claimed to recover for the use and occupation by the defendant of certain premises, demised to him by the plaintiff for the space of *two years*, commencing on the first of April, 1829, and *ending on the first day of April*, 1831, for which the plaintiff claimed to recover $75 per annum. The defendant, in his *special plea*, said that the plaintiff ought

UTICA,
July, 1834.

Etheridge
v.
Osborn,

not to be admitted to aver in his declaration, that any thing was due or became due to him from the defendant, for or by reason of the use and occupation of the premises, so far as the defendant is alleged in the declaration to have used and occupied the same, *at any time previous to the first day of April,* 1830, because, he said, that in the term of June, 1829, of the court of common pleas of the county of Herkimer, he, the defendant, impleaded the plaintiff, in an action of *replevin,* for taking and detaining of certain goods and chattels; that the plaintiff appeared in such suit, and *avowed* the taking of the said goods and chattels as a distress for rent accrued upon certain premises, due *on the first day of April,* 1829, under and by virtue of a demise of the said premises from the plaintiff to the defendant, for the term of *ten years* from the 15th November, 1825, reserving an annual rent of $75; and because, on the first day of April, 1829, the sum of $75 was due for the rent of the premises for the space of *one year*, ending on that day, he well avowed the taking of the goods, &c. and prayed a return, &c.; that to the said avowry, he, the defendant, pleaded that the plaintiff ought not to have avowed, &c. because, on the 27th November, 1825, he, by a certain article of agreement, demised to the defendant a certain mill lot, for the purpose of erecting a saw-mill thereon, with certain privileges thereto appertaining, for the term of ten years, subject to an annual rent of $75; that in, and by the said article of agreement, the plaintiff engaged and bound himself, *during the summer of* 1826, to dig a race-way from the *West Canada creek*, to and through the lot demised to the defendant, so deep that the water therein should be four feet in depth, when the water in the *West Canada creek* should be at its ordinary height; that the plaintiff, notwithstanding, did not, before or during the summer of 1826, or at any time previous to the putting in of the plea of the defendant, dig the race-way of the depth aforesaid; and that after alleging those facts, he averred in his plea that the use and benefit of the demised premises *depended* upon the use and enjoyment of the race-way so stipulated to be dug by the plaintiff, and which he had omitted to dig; concluding with a verification and prayer of judgment. The defendant then further alleged in his

special plea, put in by him this suit, that to the plea of him, the defendant, to the avowry of the plaintiff, the plaintiff replied, admitting the demise set forth in the plea, and the covenant on his part to dig the race-way, and alleging that he had fully performed; traversing that the use and enjoyment of the demised premises depended upon having in the race-way water to the depth of four feet, when the water of the *West Canada creek* was at its ordinary height: concluding to the country with a similiter.   That, upon the issue thus joined, such proceedings were had, that afterwards, to wit, in the term of February, 1831, of the court of common pleas of Herkimer, the issue was tried by a jury of the country, who, on their oath, said that the plaintiff *had not performed his covenants* in the article of agreement specified, and that the use and benefit of the premises demised to the defendant *did depend upon* the enjoyment of, and having in the race-way, specified in the article of agreement, *water to the depth of four feet,* when the water of the Canada creek was at its ordinary height; and that the sum of $75, claimed by the plaintiff as due for rent on the first day of April, 1829, *was not due and in arrear* from the defendant to the plaintiff; and they assessed the *damages* of the plaintiff in that suit (the defendant here) at six cents, and his costs at six cents; and that *upon such verdict, judgment was rendered* for the now defendant.   The defendant then averred that the *parties* and the *premises* were the same in the two suits, and that this action is brought for a subsequent occupation and continuation of possession of the same premises under the *same demise;* that the plaintiff did not, on the first day of April, 1829, dig or cause to be dug the said race-way of the depth of 4 feet, nor hath he at any time since that day, and previous to the first day of April, 1830, opened or dug the same; concluding with a verification and prayer of judgment, if the plaintiff ought to be admitted to aver that any thing is due to him from the defendant, for the use and occupation of the premises by the defendant, at any time *on or before the first day of April,* 1830.   To this plea the plaintiff *demurred.*

UTICA,
July, 1834.

Etheridge
v.
Osborn.

UTICA,
July, 1834.

Etheridge
v.
Osborn.

*A. Hackley*, for the plaintiff, insisted that the special plea is. bad, in being an answer only to part of the declaration, and in fact professing to be answer only to part, 20 John. R. 204 ;. 2 Wendell, 419 ; 8 id. 615 ; and he contended, further, that if the matter set forth in the plea had been pleaded as a *full answer* to the declaration, it would not in this case have been a bar to the plaintiff's right to recover for the subsequently accruing rents, as the rights of the parties were liable to be changed, by a change of circumstances in reference to the covenants contained in the article of agreement. 3 Cowen, 120. 4 id. 559. 3 East, 353. That the defect in the plea was matter of substance, and not of form, and therefore the subject of a general demurrer, he cited 3 East, 346.

*A. Osborn in pro. per.* cited 1 Chitty's Pl. 509, 1 Saund. 28, n. 1, 2, 3, and *Clarkson* v. *Lawson*, 6 Bingh. 587, to show that when one plea has been pleaded to the whole declaration, the defendant may put in a second plea, applicable only to a portion of the cause of action, where the matter of the action is severable or divisable.

*Hackley*, in reply, said that the practice of our court was different in this respect from the K. B., and relied upon the cases by him before cited.

*By the Court*, SUTHERLAND, J. The objection to the plea principally relied upon is, that it professes to answer, and does. in fact answer only a *part* of the declaration.

The declaration and bill of particulars show the plaintiff's claim to be for two years rent of the premises, commencing on the first of April, 1829, and ending on the first of April, 1831. The plea sets up a bar to the recovery of any rent which accrued on or before the first of April, 1830, but neither admits nor denies the claim for the rent of 1831. This is a fatal defect, according to the cases of *Sterling* v. *Sherwood*, 20 Johns. R. 204, *Hecock* v. *Coates*. 2 Wendell, 419, and *Slocum* v. *Despard*, 8 id. 615, where all the authorities are referred to. In England, according to Mr. Chitty and Sergeant Saunders, 1 Chitty's Pl. 509, 1 Saunders, 28, n. 1, 2, 3, if a

plea begin only as an answer to part, and is in truth only an answer to part, the plaintiff cannot demur, but must take his judgment for the part unanswered, as by *nil dicit*. Here the rule is different, as is shown by the preceding cases. In the recent case of *Clarkson* v. *Lawson*, 6 Bing. 587, 19 Com. Law R. 169, the defendant, in an action for a libel, put in a plea: first, to the whole declaration; and second, a special plea justifying as to a part of the charge. The libel charged the plaintiff with extortion as a proctor, and alleged that he had been *three* times suspended. The second special plea justified as to *one* suspension, and upon demurrer it was held good. The court considered the charge as *severable* in its nature, and amounting to an allegation of three distinct suspensions, and that the defendant had a right to justify as to part, by way of diminishing or mitigating the damages, *Bosanquet*, J. says one plea having been pleaded to the whole declaration, there has been no discontinuance, and the defendant has a right to put a second plea on record, applicable to a portion of the charge only, where the matter is in its nature severable.

If it were an open question, this would appear to me to be the sound rule upon the subject; but since the case in 20 Johnson, the rule in this court has been considered different, and perhaps ought not now to be disturbed, especially as it is rather a matter of form than of substance. It may also be said, in support of the decision and principle alluded to, that as a general rule, each plea must stand or fall by itself, and cannot therefore be supported by any other plea; and that therefore, in testing the sufficiency of a special plea, no regard can be paid to the general issue.

The principle of the plea is sound. So far as the subject matter in controversy has been once adjudicated upon the parties are concluded by it. *Outram* v. *Morewood*, 3 East, 346. 3 Cowen, 120. 3 Wendell, 32. 6 id. 288. Duchess of Kingston's case, 11 State Trials, 261. 1 Phil. Ev. 223.

Judgment for plaintiff on demurrer, with leave to defendant to amend, on payment of costs.