ALBANY,
Oct. 1834.

Loder
v.
Phelps.

## LODER *vs.* PHELPS.

A *justice of the peace* is not authorized to issue a *warrant* against an inhabitant having a family or against a freeholder, unless the applicant state in the affidavit upon which he applies for such process, *facts and circumstances showing the grounds of his application;* the mere allegation that he believes there will be danger of losing his debt unless a warrant issues, is not enough.

In an action charging an *assault, battery* and *false imprisonment*, a plea justifying the *assault* and *imprisonment*, but saying nothing as to the *battery*, is bad, as being an answer to only *part* of the count, notwithstanding that a separate plea of the *general issue* is put into the whole declaration.

So a plea *commencing* as an answer only to a *part* of the cause of action, and *praying judgment of the action generally*, is bad.

ERROR from the Monroe common pleas. Loder sued Phelps in an action of assault and battery and false imprisonment. The declaration contained two counts: in the first the plaintiff charges that the defendant assaulted him, laid hold of him, pulled and dragged him about, and struck him a great many violent blows, and obliged him to go a great distance, to wit, fifteen miles, to a certain place, describing it, and there imprisoned him, without any reasonable excuse or probable cause, for a long space of time, to wit, forty-eight hours, &c. The second count was substantially like the first.

The defendant pleaded, 1. The *general issue*, 2. A justification *as to the assault and imprisonment*, under and by virtue of a *warrant* issued by a justice of the peace, under the act giving jurisdiction to justices of the peace in certain civil suits, on the application of the defendant that he would lose his debt unless a warrant was granted to him against the now plaintiff; wherefore, defendant *prayed judgment if the plaintiff ought to have or maintain his action thereof against him,* &c.; and 3. A plea similar to the last. To the two last pleas the plaintiff *demurred,* and to the first took issue. The common pleas adjudged the pleas demurred to, to be good, and gave judgment thereon for the defendant, and the cause went to trial on the issue of fact. On the trial, the arrest of the plaintiff was proved, under a warrant put into the hands of a constable by the defendant. The defendant proved that the warrant was issued by a justice of the peace on his application, and on his making an affidavit before the justice, in these words: "Stephen M. Phelps being duly sworn, deposes and says, that he has, as he supposes, good cause of action against Mitchel Loder, and that he believes there will be danger of losing the said debt or demand, unless warrant issue forthwith." The common pleas charged the jury that the defendant had established his justification, and that he was entitled to their verdict. The jury accordingly found for the defendant; on which verdict judgment was entered. The plaintiff sued out a writ of error.

*M. T. Reynolds,* for plaintiff in error.

*C. P. Kirkland,* for defendant in error, in support of the pleas, cited *Gould's Pleadings,* 361, and 19 *Com. Law R.* 169; and in support of the justification, urged, that although the proceedings before the justice might have been reversed on *certiorari* for the defect of the affidavit, still that until reversal they should be held good, and the party obtaining the warrant be protected from an action of trespass; in support of which position he cited 4 *Wendell,* 140, 7 *id.* 200, and 9 *Cowen,* 61.

ALBANY,
Oct. 1834.

Loder
v.
Phelps.

*By the court,* SUTHERLAND, J.    The demurrers to the *second* and *third* pleas are well taken.    Those pleas *commence* as an answer only to a *part* of the cause of action, but pray judgment *of the action generally ;* they are clearly bad on this ground.    But if the *conclusion* had been right, they would still have been bad, on the ground that they contain *an answer only to a part of the count,* 20 *Johns. R.* 206 ; 2 *Wendell,* 419 ; 8 *id.* 617.

The *warrant* under which the defendant sought to justify the arrest of the plaintiff was applied for and issued under the act, 2 *R. S.* 228, § 16, *sub.* 4, which authorizes the issuing of a warrant, notwithstanding the defendant is an inhabitant of the county having a family, or a freeholder of the same county, if it shall appear to the satisfaction of the justice, by the affidavit of the applicant or of any other witness, that the plaintiff will be in danger of losing his debt or demand unless such warrant be granted.    It is however provided by § 19 of the same act, " that in all cases upon application for a warrant, (except when the suit shall have been commenced by summons,) the person applying *shall by affidavit state the facts and circumstances within his knowledge,* showing the grounds of his application, whereby the justice may the better judge of the necessity and propriety of issuing such warrant."    This section must be construed as qualifying the sixteenth section, and as prescribing the contents of the affidavit, which the applicant shall make when he asks for a warrant. The justice has no right to be satisfied with an affidavit, in the general terms empolyed in this case ; it states no fact or circumstance where by he could judge of the necessity or propriety of issuing the warrant; without such specification, he had no right or jurisdiction to issue the process, 3 *Cowen,* 206 ; 11 *Johns R.* 175 ; 12 *id.* 257 ; *Cowen's Treatise,* 256 ; 6 *Wendell,* 438 ; 6 *Cowen,* 234 ; and it can afford no protection to the defendant, who was the party who procured it. The court below therefore erred in charging the jury that the defendant had made out a good justification under the warrant. Not only the defendant's special pleas therefore are bad, but the defence failed under the issue of fact, and the judgment below must be reversed.

Judgment reversed ; *venire de novo,* &c.