## WHITNEY *vs.* SHUFELT.

To authorize a justice of the peace to issue a warrant for trespass against a non-resi-
dent, the applicant must, by affidavit, state the facts and circumstances within
his knowledge shewing the grounds of his application.

In a plea justifying an imprisonment under such a warrant, it must be averred that
such affidavit was presented.

In such plea of justification, by the *party* at whose suit the warrant was issued, the
facts necessary to shew jurisdiction to issue it, (*e. g.* the non-residence of the de-
fendant where that is necessary to authorize the warrant,) must be *directly* aver-

Whitney *v.* Shufelt.

red : it is not sufficient for the plea to state that an affidavit was presented, in which the requisite facts were alleged to exist.

Otherwise, where the justice is sued : there it is enough to shew a due application, and that a sufficient affidavit was presented.

DEMURRER to pleas. The declaration was in trespass for assault and battery and false imprisonment. The defendant pleaded, (1) Not guilty ; (2) *Actio non,* because before, &c. on, &c. the defendant went before T. F. M., a justice of the peace of said town, and made oath in writing before the said justice that he had, as he believed, a just cause of action against the present plaintiff for trespass committed by him, and that he (the present plaintiff) was not a resident of that county, whereupon the said T. F. M., as such justice, issued a warrant against the plaintiff, then setting out the warrant, the delivery thereof by the defendant to a constable, and the arrest of the plaintiff thereon, &c. which are the same supposed trespasses, &c. Verification. (3) Like the second, except that it is averred generally that the justice, upon *the proper oath, application and complaint,* issued the warrant. (4) Also like the second, except that the warrant, and an affidavit to the same effect as that stated in the second plea, are set out in *hæc verba,* with an averment that the warrant was issued upon the affidavit.

The plaintiff demurred to the 2d, 3d and 4th pleas, and the defendant joined in demurrer.

*M. T. Reynolds,* for the plaintiff.

*N. Hill, Jr.* for the defendant.

*By the Court,* JEWETT, J. I am of opinion that the demurrers are well taken to the several pleas demurred to.

The statute, (2 *R. S.* 225, § 2, *sub.* 2,) confers on justices of the peace jurisdiction over and cognizance of " actions of trespass and trespass on the case for injuries to persons, or to real or personal property, wherein the damages claimed shall not exceed fifty dollars." " Suits may be instituted before a justice either by the voluntary appearance and agreement of the parties,

or by process; when by process, it shall be either a summons or warrant, or an attachment." (2 *R. S.* 227, § 11.) The thirteenth section declares that the first process against freeholders and against inhabitants having families, except as is otherwise thereinafter directed, shall be by summons—*but no person shall be proceeded against by summons out of the county in which he resides.* The seventeenth section provides that "a justice shall, upon application, issue a warrant in the following cases. 1. When the defendant is a non-resident of the county." The nineteenth section provides that "in all cases, on application for a warrant, except when the suit shall have been commenced by summons, the person applying shall, by affidavit, state the facts and circumstances within his knowledge showing the grounds of his application, whereby the justice may better judge of the necessity and propriety of issuing such warrant."

Under these provisions, if Whitney was a non-resident of the county of Columbia, he could not have been proceeded against by summons; a warrant was the proper process. The act to abolish imprisonment for debt supersedes the warrant in actions upon contracts, but it remains as before in actions arising *ex delicto.* On making the application to the justice it was necessary that the defendant should have stated by affidavit the facts, &c. showing the grounds of his application.(*a*) The second plea alleges such affidavit to have been made, but the third plea is silent on that point, and the fourth alludes to it in a very unskilful manner.

But this suit is against the *party* who procured the warrant, and the pleas of justification should have stated directly the matters necessary to shew that the justice had jurisdiction to issue the warrant. The fact which authorized the warrant was that the party against whom it was prayed for was a non-resident. It is not enough for the pleas to set forth that an affidavit was presented to the justice wherein such fact was stated. That might protect the officer, even if the statement were

---

(*a*) *Loder* v. *Phelps,* (13 *Wend.* 46.)

untrue; but the party who invokes the exercise of the jurisdiction of an inferior tribunal must in justifying aver the actual existence of the material facts upon which the jurisdiction depends. (*Percival* v. *Jones*, 2 *John. Cas.* 49; *Deyo* v. *Van Valkenburgh*, 5 *Hill*, 242; *Taylor* v. *Trask*, 7 *Cowen*, 249.) The pleas, therefore, should have averred that Whitney was a non-resident of the county of Columbia at the time of the application for and issuing of the warrant, that the action was for trespass, or trespass on the case, (according to the fact) for injuries, &c. wherein the damages claimed did not exceed $50, and should have set forth the substance of the affidavit presented upon the application, stating the facts and circumstances within the knowledge of the applicant, shewing the grounds of his application.

Judgment for the plaintiff.