The principles involved in this case are too important to allow them to be disregarded, without saying a word in their defence.
It is an established rule in our law, that no court can give a valid judgment, unless it has jurisdiction of the subject matter in controversy, and has acquired jurisdiction over the person of the defendant, in the mode prescribed by law. When a court acts without jurisdiction, either as to subject or person, its proceedings are not only erroneous, but absolutely void; and may be attacked in a collateral action, as well as by way of review. The rule extends alike to all courts and officers, from the highest to the lowest. If it were not so, there would be a power in the state above the laws, which is a despotism. There is, however, this difference between superior and inferior courts: the jurisdiction of the former is presumed until the contrary appears; whereas the latter must show their jurisdiction; it will not be presumed. After the authority of an inferior court to act has been proved, liberal intendments may be made in favor of the *Page 380 
regularity and justice of its proceedings; but such intendments are not made in relation to jurisdiction. This distinction between superior and inferior courts is well established; indeed, it is as old as our law.
In pleading the judgments and proceedings of courts and officers of special and limited powers, jurisdiction must be shown; and it is not enough to aver in general terms that they had jurisdiction, but the facts on which jurisdiction depends must be stated. It will not do to say that a justice of the peace had jurisdiction, and gave judgment; but it must be shown how he acquired jurisdiction: to wit, by voluntary appearance, or the issue and service of legal process.
These points have not only been adjudicated in a great number of reported cases, but they have been acted upon in hundreds of others, which have not found their way into the books. They are rules of every day application in the administration of justice: and although they have been either forgotten or disregarded in a few instances, the cases of the kind to be found in the books are not enough to make more than a ripple on the great current of authority. Several cases in point on the principles in question are mentioned in the dissenting opinion which was delivered inHoose v. Sherrill, (16 Wend. 36;) and I will add now several other cases to the same effect, which have been adjudged in the courts of this state since that time. (Stewart v.Smith, 17 Wend. 517; Nicoll v. Mason, 21 id. 339;Bloom v. Burdick, 1 Hill, 130; Schneider v. McFarland,
2 Comst. 459, S.P.; Dowd v. Stall, 5 Hill, 186; Sackett
v. Andross, id. 327; Harriot v. Van Cott, id. 235; VanEtten v. Hurst, 6 id. 311; Bowne v. Mellor, id. 496;Cornell v. Barnes, 7 id. 35; The People v. Koeber, id. 39; Ford v. Babcock, 1 Denio, 158; Whitney v. Shufelt,id. 592; Seymour v. Judd, 2 Comst. 464; Burckle v.Eckhart, 3 Denio, 279; affirmed, 3 Comst. 132; Corwin
v. Merritt, 3 Barb. 341; Staples v. Fairchild, 3 Comst. 41; Turner v. Roby, id. 193.) Other cases might be added, but I will not take the trouble to collect them. The points in question not only stand upon principles which can not be safely abandoned, but they are firmly established by *Page 381 
authority, if any thing can be regarded as settled by many well considered precedents.
Now what has the pleader done in this case by way of showing the facts on which the jurisdiction of the justice to render the judgment depended? He says that a summons was issued on the 8th, and made returnable on the 17th day of May; and was personally served on the defendant more than six days before the return day. That is very well if the defendant resided in the same county with the justice; but if the defendant resided in another county, he was only liable to be proceeded against by short summons or short attachment, running not more than four days; (Stat. of
1831, p. 403, § 33;) and the pleader has not told us where the defendant resided. There is a total defect of allegation as to one of the material facts on which the jurisdiction of the justice to give the judgment depended; and the declaration is not a whit better than it would be if every thing relating to jurisdiction had been omitted. If the defendant was a non-resident of the justice's county, it is not only clear upon general principles that this long summons could give the justice no authority to act, but the legislature has declared in express terms, that if a non-resident defendant shall be proceeded against otherwise than by short summons or short attachment, "the justice shall have no jurisdiction of the cause." (§ 33,supra.) We can no more presume that the defendant was a resident of the justice's county for the purpose of making the long summons good, than we could presume that he was a non-resident had a short summons been pleaded. It has been shown already that it is not a case for indulging in presumptions of any kind; but the facts which show jurisdiction must be alledged. If authorities are to be followed, or principles regarded, the pleading is bad.
But it is said that if the proper process was not issued, the defendant should have appeared before the justice and made the objection; and having neglected to do so, the judgment is valid. This doctrine depends for its support on two or three cases to which allusion has already been made, Hoose v. Sherrill, (16Wend. 33,) and Bromley v. Smith, (2 Hill, 217,) as standing *Page 382 
in conflict with the strong current of authority on the subject. Let us now see how much this new mode of getting jurisdiction is worth upon principle. A defendant may be called into a justice's court in five different ways: by warrant, long attachment, short attachment, long summons and short summons, according to the circumstances of each particular case. There is no authority to issue the different kinds of process indiscriminately, but only to issue one kind or another, as the facts of the particular case may warrant. And yet the argument we are considering comes to this; the justice may disregard the statute under which he acts, and issue what kind of process he pleases; and he will get jurisdiction, unless the defendant appears and objects that the law ought not to have been thus violated. It results from the doctrine, that though I am only liable by law to be sued by summons, my property may nevertheless be seized by attachment, or my body be arrested by warrant; and these illegal acts will give the justice jurisdiction to render a valid judgment against me. Or, if I am in a journey, out of my own county, and only liable by law to be delayed four days, at the most, to answer a short summons, yet I may be delayed twelve days to answer a long summons. And although the legislature has expressly declared that in such a case "the justice shall have no jurisdiction," (§ 33,supra,) yet the argument is, that I must stop in my journey, go before the justice, and tell him he has no right to act; and if I omit to do so, he will, some how or other, get jurisdiction to give a valid judgment. The rule formerly was, that where there was no legal process, there must be a voluntary appearance to confer jurisdiction; but now we are told that a refusal to appear will answer the purpose. Such a doctrine has no principle whatever to stand upon; and I deny that it has any foundation in our law. A justice of the peace can not give a valid judgment, until after the defendant has either appeared voluntarily, or been brought into court by legal process. Lawless power belongs to despots and the mob; and not to the officers of a free people.
I will now refer a little more fully to a few cases for the purpose of showing, that the general rules which have been mentioned *Page 383 
have been carried out in practice, and that inferior courts can only acquire jurisdiction over the person of the defendant by pursuing the forms prescribed by law. If a justice of the peace issue an attachment without first taking the proof which the statute requires, the judgment which he renders will be void for want of jurisdiction, and he may be sued as a trespasser. (Vosburgh v. Welch, 11 John. 175; Adkins v. Brewer, 3Cowen, 206.) And if he issue a warrant without the proof required by law, he acts without jusisdiction. (Loder v.Phelps, 13 Wend. 46.) When a summons is the proper process, a warrant issued by the justice is irregular and void, and gives no jurisdiction over the person of the defendant. (Gold v.Bissell, 1 Wend. 210.) It is not enough that there be regular process of summons, and a return of personal service, but the return must follow the requirement of the statute, and show when the service was made, so that it may appear that the defendant has had full legal notice. "It is a regular return only that can give jurisdiction." (Stuart v. Smith, 17 Wend. 517;Wheeler v. Lampman, 14 John. 481.) When a warrant issues, or process in the nature of a warrant, it is not enough that the defendant is summoned, and a regular return is made upon the warrant; the defendant must be actually brought into court, or the justice will have no jurisdiction, and the judgment which he renders will be void. (Colvin v. Luther, 9 Cowen, 61;Bigelow v. Stearns, 19 John. 39.) In the last mentioned case Ch. Justice Spencer remarked: "It is no answer to say, that being summoned, he might appear. It was the duty of the justice to cause him to be brought before him." The remark goes on the ground, that if the justice do not strictly pursue his authority in every particular, he will not gain jurisdiction of the person of the defendant. A striking exemplification of the principle will be found in the case of Reynolds v. Orvis, (7 Cowen,
269,) where the justice issued a warrant for the examination of a pauper, who was brought into court, examined, and removed to another town by order of the justice and another magistrate who sat with him. But for the reason that the warrant was delivered to, and served by a constable of another town than that mentioned in the statute, though in *Page 384 
the same county, it was held that the justice acquired no jurisdiction, and was liable in an action for false imprisonment Woodworth, J. in delivering the opinion of the court said — "When a rule is laid down for the government of inferior jurisdictions, we are not at liberty to inquire whether it can be safely departed from: whether the mode pursued is equally beneficial to the party, as that pointed out by the statute. The answer to arguments of this kind is, that the law has prescribed the manner in which the person of the pauper may be apprehended. If the appearance of the pauper is not voluntary, jurisdiction of his person can not be acquired, unless the course prescribed is pursued." Where a party residing out of the state was sued by summons, instead of a warrant, which was the proper process, the judgment was held erroneous, (Dowd v. Stall, 5 Hill, 186;) and was undoubtedly void. If a non-resident of the county is sued by a long, instead of a short summons, the judgment is void. (Hamott v. Van Cott, 5 Hill, 285.) And if a non-resident is sued by a long attachment, instead of a short one, the proceeding is void. (Bowne v. Mellor, 6 Hill, 496.) If a short attachment be pleaded, the plea will be bad if it do not aver that the defendant was a non-resident, even though it state that an affidavit was made of that fact. (Van Etten v. Hurst, 6Hill, 496.) And where a non-resident is suable by warrant, a plea justifying an arrest by warrant must state the fact that the defendant was a non-resident: it is not enough that the plea alledges that an affidavit of the non-residence was made before the justice. (Whitney v. Shufelt, 1 Denio, 592.) It was very justly remarked by Jewett, J. in that case, that the party who invokes the exercise of the jurisdiction of an inferior tribunal must, in justifying, aver the actual existence of the material facts upon which the jurisdiction depends. Most of these cases are fully in point, and others to the same effect might be added: but I will content myself with showing that this court has repeatedly affirmed the doctrine that courts and officers of special and limited powers can only acquire jurisdiction by strictly pursuing the authority conferred upon them. If a surrogate order the sale of lands which have descended to infants, for the payment *Page 385 
of the debts of their ancestor, without appointing a guardian for the infants in the manner prescribed by the statute, the proceedings will be void for the want of jurisdiction over the persons of the infants, and no title will pass to the purchaser. (Schneider v. McFarland, 2 Comst. 459. And see Bloom v.Burdick, 1 Hill, 130; Corwin v. Merritt, 3 Barb. 341.) In proceeding by attachment against a non-resident debtor, if the creditor do not in his application follow the statute, and show in plain terms that he resides within this state, or that the debt arose upon a contract made within this state, the judge will not acquire jurisdiction; and a sale of the debtor's property under the proceedings will be utterly void. (Staples v.Fairchild, 3 Comst. 41.) And in Turner v. Roby, (3Comst. 193,) this court passed upon a pleading of the very same character as the one under consideration and adjudged it bad. If we have no respect for the opinions of others, we ought, at the least, to have some regard for our own.
We are told that a justice's judgment may be proved by a transcript from his docket; and that the docket, as prescribed by the statute, may not show jurisdiction. (2 R.S. 268, §§ 243, 246.) Although the statute does not in terms require, it fully authorizes the justice to enter every thing in his docket necessary to show jurisdiction, both as to subject and person; and if he omit to do so, neither the docket, nor a transcript from it, will prove the judgment valid. The statute says the transcript "shall be evidence to prove the facts stated in such transcript." It is good so far as it goes, and no further. If it omit to show jurisdiction of the person, either by voluntary appearance or regular process, the fact must be established by other evidence — as by producing the process, and proving the residence where that is a material fact. Although a justice can not give parol evidence of a judgment without producing his docket, (Posson v. Brown, 11 John. 166; Boomer v. Lane,
10 Wend. 525;) there is no room for doubt that he may produce process and papers, and testify to facts not appearing on the docket. And if the docket or transcript do not show jurisdiction, further evidence must be given. In Brown v. Cady, (19 Wend. 477,) which was *Page 386 
an action of debt on a justice's judgment, a copy of the docket was given in evidence but as it did not show jurisdiction over the person of the defendant, the justice was examined to make out the fact of regular process; and the common pleas thought the fact sufficiently proved, and the plaintiff recovered. But the judgment was reversed by the supreme court, on the ground that the fact of regular process, giving jurisdiction over the defendant's person, was not sufficiently established. It had been decided long before that time, in Benn v. Borst, (5 Wend. 292,) that the transcript is not sufficient evidence of the judgment, unless it show jurisdiction of both subject and person. And besides, the question here is not how a judgment may be proved, but how it must be pleaded.
When we consider the great number and magnitude of the powers which have been conferred on inferior courts and officers — how extensive their authority is over the persons and property of individuals — the importance of requiring them to show jurisdiction, or in other words, to show that they have pursued the path marked out for them by law, can hardly be over estimated. But I will not enlarge on the value of the principle involved in the case, after having shown that it has been settled by a long line of judicial decisions, ending in a judgment of this court, rendered within a year, and directly in point.
If it be true, as was said in argument, that we are more strict than the English courts in requiring inferior magistrates and officers to show their jurisdiction, we shall no longer have a title to that commendation — for such I think it to be — after the highest court in the state shall have decided that a justice of the peace may act without authority; for in England, the king himself is not above the laws.
I am of opinion that the judgment is erroneous, and should be reversed.
JEWETT, J. also delivered an opinion in favor of reversal.
Judgment affirmed. *Page 387