GEORGE WELLS, APPELLANT, *v.* SAMUEL SISSON, RES-PONDENT.

*Warrant of arrest — when it may be issued by a justice of the peace — contents of affidavit.*

The plaintiff commenced an action against the defendant before a justice of the peace and applied for a warrant of arrest, alleging in his affidavit that the defendant was a non-resident of the county, and that plaintiff "has as he verily believes a good cause of action against Samuel Sisson, for wrongful and fraudulent representations in the exchange of horses, by which this deponent was damaged to a large amount."
*Held*, that the affidavit did not state facts, as required by the statute; that plaintiff's belief that he had a good cause of action was not sufficient to authorize the justice to issue the warrant.

APPEAL from a judgment of the County Court of Warren county, reversing a judgment of a justice's court.

The action was commenced before a justice of the peace to recover damages occasioned by an exchange of horses, which the plaintiff claimed to have been induced to make by reason of the false and fraudulent representations of the defendant. The defendant was arrested by virtue of a warrant issued by the justice upon the following affidavit, made by the plaintiff.

Warren County, ss: George Wells being duly sworn, says that he has, as he verily believes, a good cause of action against Samuel Sisson for wrongful and fraudulent representations in the exchange of horses, by which this deponent was damaged to a large amount;

and this deponent further says that the said Samuel Sisson is a non-resident of Warren county, and he therefore prays process by warrant against said Sisson.

Sworn to, etc.                         GEORGE WELLS.

The defendant, after having been brought into court, moved to dismiss the action on the ground that the facts stated in the affidavit were not sufficient to authorize the issuing of the warrant, and the motion was denied.

*I. & C. M. Mott*, for the appellant.

*J. E. Dewey*, for the respondent.

LEARNED, P. J.:

The Revised Statutes originally authorized a justice of the peace to issue a warrant in a civil action in four cases. One of these was when the defendant was a non-resident of the county. (2 R. S., m. p. 228, § 17.) The non-imprisonment act has limited this by saying that no warrant shall issue in an action upon contract. The plaintiff here claims that this is an action in tort against a non-resident of the county, and therefore the warrant was proper.

On the application for a warrant the person applying shall state the facts and circumstances within his knowledge, showing the grounds of the application, whereby the justice may the better judge of the necessity and propriety of issuing such warrant. (Section 19.) In the present case the affidavit states that the defendant is a nonresident of the county; and the only other statement is that " he has, as he verily believes, a good cause of action against Samuel Sisson for wrongful and fraudulent representations in the exchange of horses, by which this deponent was damaged to a large amount." The facts and circumstances must be set forth. (*Clark* v. *Wellington*, 12 S. C. N. Y. [5 Hun], 640; *Whitney* v. *Shufelt*, 1 Den., 592; *Loder* v. *Phelps*, 13 Wend., 46.) There is no fact stated in this affidavit aside from the nonresidence of the defendant, except the belief of the plaintiff that he has a good cause of action, etc. He should have stated the facts from which the justice could judge whether or not there was a cause of action on tort, and hence whether it was

necessary or proper that the warrant should be issued. Some positive averment should have been made which, if untrue, would expose the plaintiff to indictment for perjury. That he had a good cause of action was but a conclusion of law.

We think that on this ground the judgment of the County Court should be affirmed, with costs.

Present, LEARNED, P. J., BOCKES and OSBORN, JJ.

Judgment affirmed, with costs.