## DUDLEY D. FLEMMING v. THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN.

1. A plea which professes to answer and does answer only part of a count, is good, provided that part is material and severable from the rest of the count as a basis of recovery.
2. The assignee of an "improvement certificate" is not affected by fraudulent representations of his assignor as to the cost of the work, made after the assignment.
3. That an assessment was vacated on *certiorari* before it could be collected, is a sufficient answer to an allegation of want of due diligence in collecting it.

In debt. Motion to strike out pleas.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the motion, *James Flemming* and *T. N. McCarter.*

*Contra, Gilbert Collins* and *Robert Gilchrist.*

The opinion of the court was delivered by

DIXON, J. The declaration in this case is founded on "improvement certificates" of the same character as that in *Knapp* v. *Hoboken,* 10 *Vroom* 394, and the counts are also similar in substance to those of that cause.

The present motion is to strike out pleas to the third breach, as assigned in several counts, which is to the effect that the defendants did not use due diligence in *making and collecting* an assessment for the improvement in the certificates mentioned.

The first plea attacked is pleaded in terms to so much of that breach in one count as alleges that the defendants did not use due diligence in *making* the assessment, and avers that the plaintiff ought not to maintain his action therefor, because the defendants did use due diligence in *making* the assessment.

The objection urged against this plea is, that it does not answer the whole of the breach.

This does not seem to me to be a valid objection.

The plea, in its beginning, purports to answer only part of the breach, and that part, and no more, it answers by a denial. The part so answered is severable from the rest as a ground of recovery, the *making* of the assessment being quite distinct from its *collection;* and it is also material, for it might occasion a different measure of damages, since only after the assessment is made and confirmed, does interest, as such, begin to run on the principal mentioned in the certificate?

For the propriety of such a plea there is abundant authority. 1 *Chitty on Pl.* 523; *Steph. on Pl.* *257; *Clarkson* v. *Lawson,* 6 *Bing.* 587; *McGregor* v. *Gregory,* 11 *M. & W.* 287.

Its sufficiency has been denied in the courts of New York.

In *Sterling* v. *Sherwood,* 20 *Johns.* 204, Spencer, C. J., sustaining a demurrer to pleas, censures the rule laid down by Chitty, and cites, as opposed to it, *Riggs* v. *Deniston,* 3 *Johns. Cas.* 205, and the opinion of Willes, C. J., in *Bullythorpe* v. *Turner, Willes* 475.

The case of Riggs *v.* Deniston, however, by no means justifies his position, for there the pleas condemned professed in their introduction to answer the whole count, but set up what answered only part. Such pleas are clearly bad, and the proper way to meet them is by demurrer. Of the cases cited in Riggs *v.* Deniston by Kent, J., to support his judgment, *Thornel* v. *Lassels, Cro. Jac.* 26, and *Ascue* v. *Sanderson, Cro. Eliz.* 433, were both demurrers to pleas manifestly infected with this vice; and the other so cited, *Carr* v. *Donne,* 2 *Vent.* 193, seems to be of the same character, although the report is somewhat obscure.

The case of Bullythorpe *v.* Turner (*ubi supra*) is opposed to the rule as given by Chitty, but I cannot help thinking that it rests upon a misapprehension of Thornel *v.* Lassels, which it improperly regards as being contrary to *Herlakenden's case,* 4 *Rep.* 62, and as holding that a plea, which pur-

ports to answer, and answers only part of a count, must be bad. The remarks of Chief Justice Willes are also, I think, founded on error, for he seems to suppose that, under the rule, the defendant has only to plead such a partial plea in order to drive the plaintiff into a discontinuance, and he does not distinguish between a defective plea to the whole of a count and a valid plea to part of a count.

Sterling *v.* Sherwood was followed in *Hickok* v. *Coates,* 2 *Wend.* 419; *Slocum* v. *Despard,* 8 *Wend.* 615, and *Etheridge* v. *Osborn,* 12 *Wend.* 399; but in the last case, Judge Sutherland, who, in 8 *Wend.* 615, had followed Sterling *v.* Sherwood without criticism, states that if it were an open question, he would regard the rule laid down by Chitty as the sound one, but that the rule in New York is settled otherwise.

I think, therefore, that we should adhere to the English rule. Neither it nor its consequences, as usually stated, were at all irrational. If the plea answer all it professes to answer, and that is a material and severable part of the count, and no other defence be interposed to the rest of the count, then the plaintiff must reply or demur to the plea; and as to the part of his count not answered, he must enter judgment as by *nil dicit,* or he will work a discontinuance. *Herlakenden's case,* 4 *Rep.* 62; *Weeks* v. *Peach,* 1 *Salk.* 179.

If the rest of the count be elsewhere answered, the plaintiff cannot take judgment by *nil dicit,* for the whole of his claim is then put in issue. *Clarkson* v. *Lawson,* 6 *Bing.* 587.

If the plea profess to answer the whole count, but, in its substance, answer only part, the plaintiff should demur, for the plea is bad. *Earl of Manchester* v. *Vale,* 1 *Saund.* 27; and see Williams' notes to this case; *Woodward* v. *Robinson,* 1 *Strange* 302; *Everard* v. *Paterson,* 6 *Taunt.* 625; *Earl of St. Germains* v. *Willan,* 2 *B. & C.* 216.

This plea should stand.

The second plea attacked is to the same point of the breach as the first, and the answer it sets up is that, after the making of the improvement mentioned, the defendants caused an assessment to be made, and afterwards it was removed into this

court by *certiorari*, and thereupon, before defendants could collect it, it was, by the judgment of this court, annulled, and that immediately afterwards the defendants proceeded to make a new assessment, and did make and confirm one, and have used due diligence in collecting the same.

Bearing in mind the complaint which these facts are alleged to meet, the want of due diligence in *making* the assessment, the vice of the plea is apparent. It neither in terms avers the use of due diligence in the making, nor states facts which, by a necessary legal inference, either establish such diligence or excuse the want of it. If bound to use due diligence in making an assessment, the defendants did not necessarily fulfill their obligation by making an assessment which was vacated, and then, as soon as they could, making another. Perhaps, by due diligence, the first assessment would have been sooner or correctly made.

This plea should be struck out.

The third plea is like the second, except that it avers that the cause of setting aside the assessment was that the contractors (under whom the plaintiff claims,) and others had fraudulently deceived the defendants as to the true cost of the work and materials employed in the improvement, and had made unjust and excessive charges therefor, and had fraudulently induced the defendants, and the commissioners of assessment, to believe that the lands benefited by the improvement would be and were benefited to the full extent of the cost charged, whereas they were only benefited to the amount of the second assessment.

I do not see how this averment helps the validity of the plea. It may be important to show these facts at the time, for the purpose of aiding in the determination of what should be deemed due diligence, but they, with the other facts pleaded, do not necessitate the conclusion that due diligence was used or negligence excused. If the aim of the pleader was to set up such fraud of the contractors as would estop them from complaining of the delay in making the assessment, and to charge the consequences thereof upon the plain-

tiff, as assignee of the contractors, he has failed of his purpose for want of an allegation that the fraudulent conduct was prior to the assignment. *Cornish* v. *Bryan*, 2 *Stockt.* 146.

This plea, therefore, is also bad, and must be struck out.

The fourth plea assailed is to so much of the same breach as alleges want of due diligence in *collecting* the assessment, and avers that the defendants made an assessment, and, before they could collect the same, it was removed to this court by *certiorari*, and set aside. This is a good answer to that part of the breach which it professes to meet. It asserts that they could not collect it before it was removed, and, of course, after that their power to collect was legally at an end.

This plea may stand.

The fifth plea is like the fourth, except that it alleges that after the first assessment was set aside, the defendants immediately made another assessment, and have used due diligence in collecting that.

This plea also may remain.

The sixth, seventh, eighth, ninth and tenth pleas complained of correspond respectively with the first, second, third, fourth and fifth, but relate to a similar breach assigned in another count, and on a different certificate. For the reasons above stated, the seventh and eighth pleas will be struck out, and the sixth, ninth and tenth will be allowed to stand.