ALBANY,
August, 1822.

STERLING
v.
SHERWOOD.

---

## M. STERLING *against* H. H. SHERWOOD.

A plea to a declaration for a libel, justified as to part of the libel charged, but did not profess to answer the whole, though

THIS was an action for a libel. The declaration contained two counts, and charged the libel to have been composed and published on the 10th of *April*, 1821, of the plaintiff, and of and concerning his profession as an attorney, and particularly as attorney of the *Jefferson County*

it prayed judgment of the action generally : *Held,* that the plaintiff might demur to such defective plea ; and that by so doing, he did not discontinue his suit.

*Bank.* The libel set forth, also, charged the plaintiff with being a friend to slavery, and trafficking in human flesh. The defendant pleaded, 1. Not guilty to the whole declaration. 2. A special justification to the first count. 3. A justification as to the second count. The plaintiff demurred to the second and third pleas, and stated the causes : 1. That the pleas do not answer so much of the libellous matter charged in the declaration as they profess to answer ; nor do they answer any one count in the declaration. 2. That the pleas do not allege when and in what manner the plaintiff was appointed attorney to the *Jefferson County Bank.* 3. That the pleas do not set forth and allege at what time and in what manner the said bank was ruined by discounting the money mentioned in the pleas. 4. The pleas do not allege that the plaintiff was guilty of any flagrant or foul conduct as attorney of the said bank, nor that he was guilty of any extortion or oppression as attorney of the bank, or that he did any other act, with an intent to harass and oppress the debtors of the bank. 5. That the pleas do not set forth the name or names of any person or persons who were ruined by the bank and the plaintiff, as attorney of the bank ; nor from whom, nor in what manner, or at what time, the last shilling was wrung ; nor do the pleas set forth the name or names of the person or persons to whom the money of the bank was loaned, nor whether they were solvent ; nor whether they were known to be insolvent, at the time the money was loaned to them ; nor in what manner, nor how often, nor upon what terms, the notes were renewed. 6. That the pleas and the matters therein contained, amount to the general issue, and ought not to have been pleaded specially. 7. That the pleas do not allege any fact to justify the charges contained in the libel, of trafficking in human flesh. 8. That the pleas are too general and uncertain, &c.

The defendant joined in demurrer.

*J. Lynch,* in support of the demurrer, cited 1 *Saund.* 28. note 3. *Willes' Rep.* 480. 1 *Chitty's Pl.* 509. *Cro. Jac.* 27.

ALBANY,
August, 1822.

STERLING
v.
SHERWOOD.

*Storrs,* contra.

SPENCER, Ch. J. delivered the opinion of the Court.

The plaintiff has demurred to the defendant's 2d and 3d pleas. The objections principally relied on are, that these pleas are an answer only to a part of the libellous matter charged in the declaration; and, also, that the matter set up in justification, does not justify the libellous charge.

It is laid down by Mr. *Chitty,* (1 *Chitty's Pl.* 509, 510.) and by Serjeant *Williams,* (1 *Saund.* 28. n. 3.) that if a plea begin only as an answer to part, and is in truth but an answer to part, the plaintiff cannot demur, but must take his judgment for the part unanswered, as by *nil dicit;* and if he demurs or pleads over, the whole action is discontinued. The most disgraceful part of the libel, as charged, is unanswered in this case; and, though the pleas justify as to part of the libel, they do not profess to answer the whole libel, though they pray judgment of the action generally.

It appears to me, the position laid down by Mr. *Chitty* and Serjeant *Williams,* is not law, and that the cases they refer to, do not bear out the proposition. On the contrary, there are several cases which are directly opposed to it. In *Riggs* v. *Deniston,* (3 *Johns. Cas.* 205.) *Kent,* J. lays down the rule thus: That as the plea did not, either by denying or justifying, meet the whole matter or *gravamen* contained in the count, it was, for that reason, bad; and he referred to 2 *Vent.* 193. *Cro. Jac.* 27. *Cro. Eliz.* 434. It does not expressly appear by the case, whether the plea professed to answer the whole declaration or not; but I infer that it did not, or else that would have been relied on in the opinion delivered. This question is very fully discussed by *Willes,* Ch. J. in *Bullythrope* v. *Turner,* (*Willes' Rep.* 475. 480.) He reviews all the cases then extant, and he pronounced it absurd to say, that the defendant could discontinue the plaintiff's action by putting in a defective plea. He observed, "if he demur, it is said he discontinues his own suit, for he ought to have entered up judgment by *nil dicit,* considering it no plea at all; but this, I think, is a practice that ought not to be encouraged; for it is saying, the plaintiff may judge for himself, without

submitting his case to the judgment of the Court. If, indeed, there were no plea at all, the plaintiff might enter up such judgment; but if there be, in fact, a plea, though a defective one, I think that, in all cases, he ought to pray the opinion of the Court, which he can do no otherwise than by demurring, and not to judge for himself." He cited *Yelv.* 38. and *Cro. Jac.* 27. The case in *Yelverton* was decided finally on a writ of error, in the *King's Bench,* from the Common Pleas. The cases cited, justify the decision in *Willes* ; and it seems to me the reasoning is sound and conclusive.

The next objection to the pleas relates to the sufficiency of the justification, in this, that the libel charges that the plaintiff has proved himself the friend of slavery, has trafficked in human flesh, &c. The pleas state that the plaintiff had a black man and a black girl living in his family, who were slaves, and the property of the plaintiff, he having purchased the black man for $200 ; and that the black girl died while a member of the plaintiff's family. The plaintiff's trafficking, and being the friend of slavery, is stated to consist in purchasing the black man, and having the black girl, without stating how. The charge in the libel undoubtedly imputes to the plaintiff the habit of buying and selling slaves. Whether such a charge is libellous, it would not be proper now to discuss ; the justification falls far short of the charge, and is not, therefore, an answer to it.

Judgment for the plaintiff, with leave to the defendant to amend, on payment of costs.