Underwood
v.
Campbell.

UNDERWOOD *vs.* CAMPBELL and others.

Each plea must be an answer to the whole declaration if it professes to answer the whole; or if it professes to answer one of several counts it must be an answer to the whole of such count; and the objection to a plea that it answers only a part of the trespass charged, is not obviated by a separate plea of the *general issue,* to the whole declaration.

A defendant may *justify* a *part,* and *deny* the *residue* of trespasses charged against him; but the whole *gravamen* must be answered in the same plea.

A plaintiff is not bound to take judgment by *nil dicit* where a defective plea is interposed, but may *demur.*

A plea of *license* in an action *quare clausum fregit,* from one having only a *possessory right* to the *locus in quo,* without giving color to the plaintiff, is bad, as amounting only to the general issue.

A demurrer book should contain only those pleadings on which the question of law arises, or which are necessarily connected with the demurrer.

DEMURRER to pleas. The plaintiff declared in *trespass:* the declaration contained five counts. In the *first,* the defendants were charged with breaking and entering three closes, situate, &c.; treading down the grass, &c.; ploughing and tearing up the soil, &c.; prostrating fences, and carrying away the materials composing the same; breaking open certain barns, and taking and carrying away wagons, carts, &c. and converting and disposing thereof to their own use. The *second* count charged the defendants with breaking and entering three closes, situate, &c. and assaulting and beating the *wife* of the plaintiff, and setting on a dog to chase and bite her, whereby she became sore and diseased, &c. The *third* count was like the *second,* except that the assault was charged to have been committed upon the *son* of the plaintiff. The *fourth* count charged the defendants with breaking and entering three closes, situate, &c. and expelling the plaintiff and his family from the possession thereof, and continuing the expulsion for two years. The *fifth* count was like the fourth, except that the acts complained of were charged to have been done *contrary to the statute* to prevent and punish forcible entries and detainers. Campbell, one of

the defendants, alone appeared and pleaded, 1. The *general issue* to the whole declaration ; 2. As to the breaking and entering the closes, treading down the grass, &c., ploughing and tearing up the soil, &c., prostrating the fences, and carrying away the materials, the defendant pleads *liberum tenementum*, alleging the closes to be his freehold, and thus justifies the acts complained of ; 3. As to the breaking and entering the closes, &c. (the same enumeration of particulars as in *second* plea,) the defendant pleads that the closes, &c. were the soil and freehold of *A. Varick ;* that *Lyman Gaylord,* one of the defendants, by the *license* of Varick, entered into the closes and became possessed thereof, and afterwards, he, the defendant Campbell, by the leave and license of Gaylord, entered the said closes, and thus justifies the acts complained of. 4. The fourth plea is like the first, except that the defendant alleges that he entered by the immediate license of Varick, in whom he alleges the *fee* to be. 5. Is a plea of the *statute of limitations* as to the *first, forth* and *fifth counts* of the declaration. 6. As to the *assaulting* and ill treating the *wife* of the plaintiff, as in the *second* count of the declaration mentioned, the defendant pleads that *Lyman Gaylord* was lawfully possessed of certain closes, situate, &c. and the *wife* of the plaintiff came into the same, and with force and arms, &c. made a great noise, &c. and assaulted Gaylord, and he (Campbell,) the defendant, as the servant and by the direction of Gaylord, requested her to cease her noise and to depart; and she refusing so to do, he, (Campbell,) in aid of Gaylord, and by his request, *moliter manus imposuit,* &c. which is the same assaulting, &c. 7. A like plea as to the *assaulting* of the *son* of the plaintiff, as charged in the *third* count of the declaration. 8. A plea of the *statute of limitations* as to the *assaulting,* &c. in the second and third counts of the declaration mentioned. The plaintiff *demurred* to the *second,* third, fourth, sixth and seventh pleas, and took issue upon the fifth and eighth pleas. The cause was argued on the demurrers, by

*J. A. Spencer,* for the plaintiff.

*C. P. Kirkland,* for the defendants.

ALBANY,
Oct. 1834.

Underwood
v.
Campbell.

ALBANY,    *By the Court*, SAVAGE, Ch. J.    The pleas demurred to are
Oct. 1834.
all bad.    The second, third and fourth profess each to be an
Underwood  answer to the whole declaration, but they give no answer,
v.         nor do they attempt to justify the *assaulting* and *beating* the
Campbell.
plaintiff's wife and son, charged in the *second* and *third counts*
of the plaintiff's declaration, nor the expulsion of the plain-
tiff's family charged in the *fourth* and *fifth* counts.    Since
the case of *Sterling* v. *Sherwood*, 20 *Johns. R.* 204, and *Hecok*
v. *Coates*, 2 *Wendell*, 419, it must be considered the settled
rule of pleading in this court, that each plea must contain in
itself an answer to the whole declaration, or to one count in
the declaration, whichever it professes to answer.    The de-
fendant may deny part, and justify the residue, if he chooses ;
but the whole *gravamen* must be answered in some way.
This object is not answered, as it was contended on the argu-
ment by the defendant's counsel, by putting in first the *gene-
ral issue*, and afterwards *justifying a part*.    The general issue
constitutes no part of a demurrer book, unless it is demurred to.
The record in such case should contain no pleadings, except
such as are connected with the demurrer.    In this case, the
demurrer book contains, besides the general issue, two pleas
of the statute of limitations and the replications to them,
which only serve to encumber the record.    It seems that in
England the practice is unsettled, but this court, in 20 *John-
son*, adopted the rule as laid down by Ch. Justice Willes, that
where a defendant puts in a *defective plea*, the plaintiff may
demur to it without discontinuing his suit, and is not obliged
to take judgment by *nil dicit*.    *Willes*, 480.    *Yelv.* 38.

The third plea is bad, also, as amounting only to the gene-
ral issue.    It sets up a license from a person having only
a possessory right, without giving color to the plaintiff, and is
therefore within the decision in *Collett* v. *Flinn*, 5 *Cowen*, 466.
Upon the general issue, the plaintiff must prove his possession,
and the plea as pleaded raises a question of possession only,
and is therefore bad. The sixth and seventh pleas are also
bad, because they profess to answer only so much of the sec-
ond and third counts of the plaintiff's declaration as relates
to the assaulting and beating of the plaintiff's wife and son,
and neither deny or justify the breaking and entering the

plaintiff's closes. The plaintiff is entitled to judgment on all the demurrers, with leave to the defendant to amend, on payment of costs.

ALBANY,
Oct. 1834.

Judgment for plaintiff.