CALVIN A. WARREN, plaintiff in error, *v.* EDWARD A. NEXSEN *et al.*, defendants in error.

*Error to Hancock.*

If a plea begins as an answer to the whole declaration, and is, in fact, an answer to but part, it is bad on demurrer; but if the plea begins as an answer to but part, and in truth, answers only part, and the plaintiff replies or demurs, the whole action is discontinued. Yet the plaintiff may take judgment, by *nil dicit*, for the part unanswered, after replication filed and issue joined, at any time before final judgment, upon payment of costs.

THIS cause was heard in the Court below, at the May term, 1841, before the Hon. Stephen A. Douglass.

A. WILLIAMS, for the plaintiff in error.

S. T. LOGAN and C. WALKER, for the defendants in error.

DOUGLASS, Justice, delivered the opinion of the Court:
This was an action of *assumpsit*, in the Hancock Circuit Court. The declaration contained two counts, to which the plaintiff pleaded

six pleas, each of which professed to answer but a part of the declaration, and in fact answered but a part; nor did they altogether profess to answer the entire declaration. Issue being joined on the pleas, the defendant moved the Court for a discontinuance, and the plaintiff entered his cross motion for judgment, by *nil dicit*, for so much of the declaration as remained unanswered. The Court sustained the first motion, deciding that the whole action was discontinued. The plaintiff brings the cause into this Court, and assigns for error:

*First.* That the Court erred in deciding that the whole action was discontinued; and,

*Second.* In overruling the cross motion for judgment, *nil dicit*, for the part of the declaration unanswered.

Upon this statement of facts, as shown by the record, and the errors assigned thereon, two questions are presented for the decision of the Court, to wit:

*First.* If a plea professes to answer only a part of the declaration, and in truth answers but a part, and the plaintiff replies, without having first taken judgment for the part unanswered, is the whole action discontinued?

*Second.* Is the plaintiff entitled to take judgment, by *nil dicit*, for the part unanswered, after replication filed and issue joined?

In relation to the first point, Chitty lays down the law thus:

It is a rule that every plea must answer the whole declaration or count, or rather, all that it assumes to answer, and no more. If a plea begins only as an answer to part, and is in truth but an answer to part, the plaintiff cannot demur; but must take his judgment for the part unanswered, as by *nil dicit;* and if he demurs, or pleads over, the whole action is discontinued. (1)

If a plea begins with an answer to the whole, but in truth, the matter pleaded is only an answer to part, the whole plea is nought, and the plaintiff may demur; but if a plea begins only as an answer to part, and is in truth only an answer to part, it is a discontinuance, and the plaintiff must not demur, but take his judgment for that, as by *nil dicit;* for, if he demur or plead over, the whole action is discontinued. (2)

This doctrine is sustained in 1 Lord Raymond 716; 2 Lord Raymond 841; 7 Modern 124; 12 Modern 421; 8 Petersdoff's Abr. 273.

In an action of trespass, for cutting three hundred trees, if the defendant pleads not guilty as to all but twenty trees, but says nothing to the cutting of the twenty, this is a discontinuance of the whole. So, in trover for three hundred sheep, if the defendant justifies as to two hundred and ninety-six, but says nothing as to the remaining four, it is a discontinuance of the whole. (3)

Stephen, Saunders, Gould, and the other elementary writers,

(1) 1 Chit.'s Plead. 4–534, and the numerous authorities there cited in the notes.
(2) 1 Salk. 179.　　(3) 5 Comyn's Dig. 384, and the authorities there cited.

lay down the same doctrine, and refer to these and many other authorities to sustain them. (1)

Against the whole current of authorities upon this subject, stands the case of Sterling *v.* Sherwood. (2)   In delivering the opinion of the Court in that case, Chief Justice Spencer expresses a very decided opinion, that the doctrine of discontinuance, as laid down by Chitty and Sergeant Williams, is not law.   In support of his opinion, he cites the cases of Riggs *v.* Deniston, (3) and Buttythrope *v.* Turner. (4)   In the case of Riggs *v.* Deniston, it does not appear but that the plea professed to answer the whole declaration, and consequently no inference can be drawn from this case, either for or against the doctrine of discontinuance.

Chief Justice Spencer seems to place his main reliance upon the case of Buttythrope *v.* Turner, in which Chief Justice Willes repudiates the doctrine of discontinuance, and cites the case of Hughes *v.* Phillip, (5) and a case in Croke James.   ·

By reference to the two cases cited by Chief Justice Willes, it will be seen that neither of them sustains his decision.

In the case in Yelverton, the plea professes to answer the whole declaration, and the Court treated it as a defective plea to the entire cause of action, and adjudged it bad on demurrer,  because of the defects in the plea, and not because it did not purport to answer the whole declaration.   That the question of discontinuance was neither raised nor decided, during the progress of that case, see Yelverton's Reports, 38.

It appears, also, from Sergeant Williams' note to 1 Saunders 28, that the question of discontinuance was not mooted, in the case cited from Croke James.   Sergeant Williams, after reviewing both of those cases, arrives at the following conclusion:   "It seems, therefore, that the opinion of Chief Justice Willes, is not well founded, especially, as the other cases cited in the above note, fully support Herley Kendon's case.

Thus it appears, that neither of the cases cited by Chief Justice Willes, and upon which he relied as authority, sustains his decision.

The decision of Chief Justice Willes, being unsupported by the cases on which it was predicated, and the opinion of Chief Justice Spencer, being founded on the decision of Chief Justice Willes, of course, neither of them can be considered as authority, when standing in direct opposition to the whole current of authorities upon this subject.   Upon a careful review of all the authorities, therefore, we regard the law to be well settled, as follows:

If a plea begins as an answer to the whole declaration, and is, in fact, an answer to but part, it is bad on demurrer; but if the plea begins as an answer to but part, and in truth answers only

(1) Steph. Plead. 253; Gould's Plead. 362–4; 1 Saunders 429.
(2) 20 Johns. 204.                        (3) 3 Johns. Cas. 205.
(4) Willes 475—80.                    (5) Yelverton 38.

part, and the plaintiff replies or demurs, the whole action is discontinued.

We now come to the consideration of the second point, to wit: Is the plaintiff entitled to take judgment by *nil dicit*, for the part unanswered, after replication filed, and issue joined? Some of the old cases seem to sustain the position, that he is not; but we apprehend the general current of authorities, and more especially, the modern authorities, favor a more liberal and reasonable rule, one better calculated to promote the rules of justice, by permitting the party to correct his mistake, at any time during the same term, upon the payment of costs. (1)

But notwithstanding he has replied or demurred, the plaintiff may, at any time during the term at which the plea is pleaded, take judgment by *nil dicit*, as to the part unanswered. (2)

We think the authorities cited, fully justify the following just and reasonable rule : that the plaintiff may correct his error, upon the payment of costs, at any time before final judgment, during the term at which the plea or replication is filed.

It appears from the record in this cause, that when the defendant moved for a discontinuance, the plaintiff entered his cross motion for judgment *nil dicit*, for so much of the declaration as remained unanswered. The Court should have sustained the plaintiff's motion, upon the payment of costs, and have rendered judgment accordingly, and for not having done so, the judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this decision.

*Judgment reversed.*

(1) 1 Salk. 179, note a ; Vincent *v.* Beston, 1 Lord Raym. 716.
(2) 1 Saunders 28, note 8, and the authorities there cited. 1 Chit. Plead. note x, and authorities there cited.