By the Court, Bronson, J.
Every plea in bar must contain a good answer to all that it professes to answer, or it will be bad. But as I understand the rule in England, the plea need not go to the whole count, if there be other pleas which cover the residue. Thus, in trespass for breaking the plaintiff’s close, *420 and seizing and carrying away his goods, the defendant, after pleading not guilty as to the whole, may, by another plea, justify the entry into the close, without saying any thing about the goods; or he may justify as to the taking of the goods, without mentioning the entry into the close. And without pleading any one plea going to the whole count, the defendant may by one plea justify the breaking of the close, and by another the seizing of the goods. It is enough that each plea is good as far as it goes, and that all of the pleas taken together cover the whole count. I shall not go over the cases; but will refer to one by way of illustration. In Clarkson v. Lawson, (6 Bing. 587,) the action was for a libel, and there was first a plea to the whole declaration, and then a plea of justification as to a part only of the libel. The court held, that as the whole declaration was answered, and as the charge complained of was severable in its nature, the plea to a part only of the libel was good. But where a part of the declaration remains wholly unanswered, the plaintiff must take judgment by nil dicit as to that part; and if he demurs, or'answers over, the whole action will be discontinued. We have departed from these rules in two particulars. 1. Every plea in bar must not only contain a good answer so far as it professes to go, but it must ‘answer the whole declaration or count to which it is pleaded. 2. If the whole be not answered, the plaintiff may demur; and the action will not bé thereby discontinued, but the plaintiff will be entitled to judgment. This doctrine has been- recognized in actions for libel; (Sterling v. Sherwood, 20 Johns. 204; Riggs v. Denniston, 3 Johns. Cas. 198, 205;) in trespass de bonis ; (Hicox v. Coates, 2 Wend. 419;) trespass, assault and battery; (Loder v. Phelps, 13 id. 46;) trespass, quare clausum ; (Underwood v. Campbell, 13 id. 78;) covenant; (Slocum v. Despard, 8 id. 615;) assumpsit ; (Etheridge v. Osborn, 12 id. 399 ; Herkimer Company v. Small, 21 id. 277;)(a) and in debt; (Wilmarth v. Babcock, 2 Hill 194.) The same rule has been applied in ac *421 tions for verbal slander, though I do not see that any case of that kind has been reported. The rule was misapplied in Slocum v. Despard, (8 Wend. 615,) where the defendant pleaded to one of several breaches in an action of covenant, and the plea was said to be bad because it did not answer the whole count. I take it to be entirely clear, that in debt on bond, or in covenant, where several breaches are assigned, the defendant may plead a separate plea to each of the breaches; and if the plea answers the breach, it will be good, although it does not answer the whole count. Or he may plead to one breach, and demur to another.(b) But in other cases, the rule with us is settled, that every plea must contain an answer to the whole declaration or count to which it is pleaded: and that the defect will not be aided by another plea going either to the whole, or to the residue of the action or count. 1
/ But it has never been held that a plea answering the whole count will be bad because it gives a different answer to different parts of the count; and there can be no good reason why such a plea should not be allowed in cases where the count contains charges which are in their nature severable. Take the case already put, of trespass for breaking the plaintiff’s close, and carrying away his goods. The defendant may, by the same plea, give one answer to the breaking of the close, as a license, or liberum tenementum; and another answer to the taking of the goods, as not guilty, a release or the like. Or, he may in the same plea deny the breaking of the close, and justify the taking of the goods. Many other cases might be mentioned ; but this will be sufficient for an illustration of the principle. To say that the defendant may not plead in this way, would be to put it in the power of the plaintiff to cut off the right to plead specially, although there may be a good defence. For example, where there has been an assault which can be justified, the plaintiff has but to add the groundless charge of false imprisonment; and the right to plead is gone. So in slander, the de *422 fendant may be able to justify words imputing larceny; but if the plaintiff will add in the count words imputing robbery or murder, which were never spoken, the defendant cannot plead his justification. Such cannot be the rule. The defendant may deny that which is false, and justify as to the residue. This was admitted in Underwood v. Campbell, (13 Wend. 78.) It is evident, therefore, that we have only changed the form, without gaining any thing of value, by departing from the old rule. In England, if there be several pleas answering different portions of the same count, it is enough that each plea is perfect in itself, and that all the pleas taken together contain a full answer to the count. With us, the answer to the whole count must be contained in one plea. But as the plea may give different answers to different parts of the count, it is in fact nothing more than several pleas moulded into one. It was admitted in Etheridge v. Osborn, (12 Wend. 399,) that the difference between the two rules was rather a matter of form than of substance ; and but for the case of Sterling v. Sherwood, (20 Johns. 204,) the learned judge who delivered the opinion of the court would evidently have gone back to the old rule.
Pleaders sometimes involve themselves in difficulty where there is no occasion for it. It was so in Hicox v. Coates, (2 Wend. 419,) where in trespass for 'taking one hundred sides of leather, the defendant justified as to twelve only;. and the plea was held bad because it did not answer the whole count. Now although there may have been only twelve sides of leather in controversy, the plea should have followed the declaration, and answered as to the whole number. As there was a plea of not guilty, the plaintiff could not recover without proving the taking ; and when it turned out on the trial that only twelve sides were in dispute, the justification would not fail for that cause, any more than the plaintiff would fail because the declaration exaggerated the quantity. There are very few cases where in relation to number, value, or quantity, the justification may not safely follow the declaration. Thus, in assumpsit, if the plaintiff demands several sums of a thousand dollars each, when in point of fact the whole debt was never but one hundred dollars, *423 and that has been paid; the defendant should not state the special matter, but should plead that he paid the said several sums of money mentioned in the declaration. There will then be no difficulty about the form of the plea; and on the trial when the plaintiff has proved the debt of one hundred dollars, proof of the payment of that sum will support the plea and give the verdict to the defendant.(c) But where the defence in such a case is a tender, the defendant must plead non assumpsit as to all'but the hundred dollars, and as to that sum, the tender.
Although the plea may give different answers to different parts of a count which is in its nature severable, there are few cases where the defendant should be allowed to plead to one part of a count and demur to another part. He may do so where there are several breaches in covenant, or in debt on bond setting out the condition. But in actions for verbal slander, where the count contains some words which are, and others which are not actionable, the defendant cannot separate the words, and plead as to a part, and demur as to the residue. The remedy is by objection on the trial to the proof of those words which are not actionable; or if such words are proved, by asking the judge to instruct the jury not to give damages on that account. And in other cases where a part of the count is defective, if the defendant can be sufficiently protected by raising the question on the trial, he should not be allowed to plead to the good and demur to the bad portions of the count.(d)
It is unnecessary to decide whether, under any circumstances, the defendant in replevin should be allowed to plead as to a part of the property which is the subject of the suit, and to demur as to the residue; for we think that some of the property mentioned in the demurrer is sufficiently described in the declaration. The strictness which formerly prevailed on that subject has been greatly relaxed. (2 Saund. 74, note 1.) In *424 Bern v. Mattaire, (Cas. K. B. Temp. Hardw. 119, 2 Stra. 1015, S. C.) “ fourteen skimmers and ladles,” without saying how many of each, was held certain enough after verdict. In Pope v. Tillman, (7 Taunt. 642,) the judgment was arrested ; but the declaration contained no description whatever of the property. It was for taking “ divers goods and chattels,” without mentioning any kind in particular.(e) From the nature of the case, there are many things of which there can be no description beyond the name, number or quantity, which will be of much use to the sheriff either in making replevin or in executing the writ de retorno habendo. He must necessarily have the aid of the plaintiff in the one case, and of the defendant in the other, in executing the process. Now although some of the articles to which the demurrer goes were not sufficiently described, yet there are others where the plaintiff has done all that could be useful in the way of identifying the goods. In addition to name and quantity, the declaration states that they were the same and all the goods and chattels which the defendant received at a particular time, and which were then in, and constituted the furniture of a particular house. This was enough as to some at least of the articles to which the objection goes; and as the demurrer covers too much ground, it must fail altogether. (f)
It was not necessary to state the value of each separate article of property. It is enough that the value of the whole is given. And that, perhaps, is more than was necessary. (1 Saund. 320, note 1; Com. Dig. Pleader, (3 K. 10;) 2 Ch. Pl. 412, note (i.)) The property has been delivered to the plaintiff by virtue of the writ. The declaration is not in the detinet, but in the detinuit; and in such a case it is said not to be necessary to state the price or value. The fact that under our statute the jury are to assess the value of the property cannot affect the rule of pleading. The jury must be guided by proof of value, and not by what the plaintiff may say on that subject in the declaration.
*425 As the defendant’s demurrer falls, his two pleas must fall with it, on the principle already mentioned. Neither of the pleas answers the whole declaration, which contains but a single count. The plaintiff must prevail upon all the demurrer's.
Judgment for the plaintiff.

 See Pettibone v. Stevens, (ante, p. 258 ;) and Boyd v. Weeks, (5 Hill, 393.)

 See Pettibone v. Stevens, (ante, p. 258.)

 See Boyd v. Weeks, (5 Hill, 393 ;) and The New-York and Dry Dock Company v. M ’Intosh, (id. 290.).

 See Pettibone v. Stevens, (ante, p. 258;) and Leland v. Tousey, (id. 328, 336,) per Nelson, Ch. J.

 See De Witt v. Morris, (13 Wend. 496.)

 See Leland v. Tousey, (ante, p. 328, 336.)