Mr. Chief Justice Sharkey
delivered the opinion of the court.
This action was brought by the defendant in error against the plaintiffs in error, on a bond given by them to enjoin a judgment at law. The defendants pleaded four pleas, all predicated on the ground that no execution had been issued and *307 returned on the judgment at law, since the dissolution of the injunction. The last plea avers that an execution did issue, and that a forthcoming bond was given and forfeited, and that the judgment was thereby satisfied. This was done, however, after action brought, as appears from the dates in the plea. The pleas seemed to have been pleaded on the supposition that the party must pursue his remedy at law, after the injunction is dissolved, before he can resort to the remedy on the bond. It would seem that the condition of the bond would furnish the answer to this question. The bond is “conditioned for paying all money and costs due, or to become due, to the plaintiff in the action at law, and also all such costs and damages, as shall be awarded against him or her in case the injunction shall be dissolved.” What has the obligor to do, to keep the condition! To pay all the money, and costs, and damages, and if he does not do this, he breaks the condition. The bond does not require that an execution shall be issued on the judgment before the condition can be broken, nor does the law require it. The dissolution of the injunction is the contingency on the happening of which the bond is forfeited, and there is no qualification by law or otherwise. The right of action is then complete. The pleas then were defective in substance.
But there is a technical question raised, on which it is said the defendant was entitled to judgment, because the pleadings operated as a discontinuance. The pleas commence by professing to answer all the plaintiffs’ cause of action, “ save the damages decreed in the court of chancery,” and the old rule of pleading is invoked, which says, iffe. plea begin only as an answer to part, and is in truth but an answer to part, it is a discontinuance, and the plaintiff must not demur, but take his judgment for that which is unanswered, as by nil dicit; for if he demurs or pleads over, the whole action is discontinued, and a note to 1 Saund. Rep. 28, is relied on. If the rule is to be understood literally as it is laid down, it leads to absurdity. If the plaintiff can neither reply nor demur to a plea which professes to answer but part of the cause of action, but must take his judgment as by nil dicit for that part unanswered, it *308 follows that the defendant may give what he pleases. But the rule is, in truth, but half stated in the authority referred to. If such a plea is interposed, the plaintiff may demur or reply to the part answered, and take his judgment by nil dicit for the part unanswered. Stephen on Pleading, 216. Many of the English decisions conformed to the rule, it is true, but it has been regarded by the more recent decisions as rather too technical for utility, and hence they have gone so far as to allow the' plaintiff to take his judgment by nil dicit at any time during the term, or even at a subsequent term, when no continuance has been entered. 1 Ld. Raym. 716. Besides, it is said that since the continuances, which were formerly regularly entered, have been dispensed with in Great Britain by rule of court, it may be questioned whether a discontinuance will now amount to error. The continuances are not regularly entered by our practice, but take place by operation of law, hence the same doubts might be entertained here. But the American authorities have gone even further to discountenance this technical rule than the English decisions, and, indeed, some of the decisions are directly against it. Frost v. Hammat, 11 Pick. 70; Sterling v. Sherwood, 20 John. Rep. 204. It would operate as a great hardship to sustain the objection in this case. The defendant first pleaded four frivolous pleas, to which the' plaintiff demurred, and there was judgment of respondeat ouster. The defendant again pleaded three pleas, quite as defective as the first set. The plaintiff was then entitled to judgment as for tvant of a plea, but demurred again; and the defendant now wishes to avail himself of a defectf to pleas which he ought not to have put in, and which amounted to a violation of the rule to plead over. This would be giving him the advantage of his own wrong. But, moreover, no discontinuance was moved for in the court below, as should have been done; but the defendant waits until he can bring the cause to this court, and here for the first time the question is raised. If the application had been made in the court below, the difficulty could have been obviated, as we have seen, at any time during the term. Besides, there is, in truth, no discontinuance of any part of the action; *309 the judgment is quod recuperit, not for part, but for the whole cause of action, and, all things considered, we have no disposition'to interrupt it.
The judgment is affirmed with damages.