PRATT, J., concurred.

Judgment for plaintiff upon the verdict, with costs.

---

## WILLIAM J. CRUIKSHANK, RESPONDENT, *v.* WILLIAM GORDON, APPELLANT.

*Malicious charge as to the professional capacity of a person—it is actionable per se— a repetition of the charge may be proved to show malice—when an offer of money to a witness to induce him not to testify is admissible—right of a jury to consider a justification wantonly set up by the defendant.*

A charge made maliciously in respect to the professional capacity of a person which, if true, would render him unworthy of employment, is actionable *per se.*

The repetition of the charge and the circulation and publicity of these utterances, may be shown to establish express malice and to prove the extent of the injury.

A witness for the plaintiff testified to one of the slanderous utterances, and also that the defendant, in a conversation had with the witness, offered him $1,000 to go to Canada to avoid testifying on the trial.

*Held*, that the conversation was clearly admissible as a virtual admission of the speaking of the slanderous words.

That the court did not err in charging the jury that it had the right to take into consideration the justification or mitigation set up in the answer, if it appeared from the evidence to have been set up wantonly and without cause.

APPEAL from a judgment entered at the Kings County Circuit, upon the verdict of a jury in favor of the plaintiff for the sum of $1,600, and from an order denying a motion made for a new trial upon the minutes of the justice before whom the action was tried.

*William J. Gaynor*, for the appellant

*W. M. Rosebault*, for the respondent.

BARNARD, P. J.:

The plaintiff is a physician. The complaint alleges various causes of action based upon spoken words charging the plaintiff with ignorance and unskillfulness in his profession. The complaint avers that the slanders were uttered with malice towards the plaintiff and with the intent to injure him in his profession as a physician. The proof bears out the complaint fully. The utterances were numerous and to different persons, and were to the effect that plaintiff was no doctor; that his treatment would kill the patient, and that persons employing him would murder their own families thereby. The point taken that these words are not actionable *per se* is not, we deem, well taken. A charge made maliciously in respect to a vocation or trade of a person, which if it would render him unworthy of employment, is actionable *per se*. (*Kinney* v. *Nash*, 3 Comst., 177.) Numerous exceptions were taken on the trial to the admission of evidence showing a repetition of language of the same general import as that counted upon in his complaint. The evidence was proper. The repetition of the charge may be shown and the circulation and publicity of these utterances to establish express malice, and to prove the extent of the injury. (*Distin* v. *Rose*, 69 N. Y. 122.) A witness for the plaintiff testifies to one of the slanderous utterances, and in a conversation with the defendant, after the papers in the within action were served, in respect to

the action, testifies that defendant offered him $1,000 to go to Canada to avoid testifying on the trial. The real point of the evidence of this witness was an intent to induce the witness by defendant to "not remember." The offer was so woven in the narrative that it could not be detached, even if it was improper evidence of itself. It is difficult to conceive of a case where an offer to suppress a witness is inadmissible. In this action it was clearly admissible. It was a virtual admission of the speaking of the slanderous words. The charge in respect to the right of the jury to take into consideration the justification or mitigation set up in the answer, if it appeared from the evidence to have been set up wantonly and without cause, is justified in *Distin* v. *Rose* (69 N. Y., 123). The damages are not excessive. The charges are directed at the plaintiff's profession; are so numerous and personal as to indicate great malice if the words were untrue. No proof is given to show their truth, and the case seems to show a malicious speaking of false words addressed to the plaintiff's competency as a physician, for the sole purpose of destroying his means of livelihood.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.