## MATTICE v. WILCOX.

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. LIBEL—COMPLAINT—INNUENDO.

Under Code Civil Proc. N. Y. § 535, which provides that the complaint in an action for libel need not state any extrinsic facts for the purpose of showing the application to plaintiff of the defamatory matter, "but plaintiff may state generally that it was published or spoken against him," a complaint is sufficient which, after setting out the alleged libelous matter, alleges that such libel "referred to and meant plaintiff."

2. SAME—WHAT CONSTITUTES—ATTORNEY AT LAW.

The complaint in an action for libel alleged the publication by defendant of the following: "Make M. [the plaintiff] attorney for the village, so that every person that gets spanked on the ice will be able to obtain judgment of from $1,000 to $10,-000 against the village." *Held*, that this, having reference to an attorney at law, is libelous.

3. SAME—ANSWER—JUSTIFICATION—DEMURRER.

Defendant's answer alleged as justification for this publication that in suits in which plaintiff represented the village judgments were recovered against it for $1,000 and $4,000, respectively, as damages for injuries from icy sidewalks and defective streets. *Held* that, as this is not stated to be a partial defense, it must be deemed, under Code Civil Proc. § 508, to be pleaded as a complete defense, and it is therefore demurrable as not being as broad as the charge it seeks to justify.

Appeal from special term, Otsego county.

Action by Burr Mattice against Henry Wilcox. The complaint alleged: "Since September, 1879, he has been an attorney and counselor at law, engaged in the business of his profession as a means of livelihood in the village of Oneonta, Otsego county, N. Y., and has been for about two years last past, and is now, attorney for the village of Oneonta, N. Y." It then sets out this publication made by the defendant: "Make Burr Mattice attorney for the village, so that every person that gets spanked on the ice will be able to obtain a judgment of from $1,000 to $10,000 against the village;" and avers "that said defendant in said libel referred to meant the plaintiff in this action, and did by said libel charge and intend to charge the plaintiff with want of knowledge, care, and skill in his professional capacity as a lawyer, and with being negligent, dishonest, and corrupt in his said professional capacity." As his second defense, defendant alleged: "That Burr Mattice and his partner, W. J. Palmer, did commence an action against said village to recover damages for one Cunningham for injuries caused by falling on icy sidewalks, and a judgment for over $1,000 was obtained in said action against said village; that while said action was pending said Mattice claimed to be retained by said village as attorney; that about the same time another action was tried against said village, in which the plaintiff in said action recovered a verdict of $4,000 and costs, for injuries received because of defective streets, the said Mattice acting as one of the attorneys for said village." The court sustained a demurrer to the second defense to the answer, and defendant appealed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*F. R. Gilbert*, for appellant. *William H. Johnson*, for respondent.

HARDIN, P. J. Plaintiff, in a plain and concise manner, has stated the facts constituting his cause of action. Section 535 provides that a complaint in an action for libel need not state any extrinsic fact for the purpose of showing the application to the plaintiff of the defamatory matter, "but the plaintiff may state generally that it was published or spoken against him." We think it was permissible to the plaintiff to demur to the second count of the defendant's answer. Section 494 of the Code provides, viz.: "The plaintiff may demur to a counter-claim or a defense consisting of new matter contained in the answer, on the ground that it is insufficient in law upon the fact thereof." We think the allegations contained in the second defense constitute new mat-

ter under the rule prescribed by the Code.   See Code Civil Proc. §§ 494, 500. In *Thompson* v. *Halbert,* 109 N. Y. 329, 16 N. E. Rep. 675, it was held, viz.: "Where new matter is set forth in an answer, and it is not expressly stated therein to be a partial defense, as prescribed by the Code of Civil Procedure, (section 508,) it must be assumed that the new matter alleged is pleaded as a complete defense, and, if demurred to, it must be tested as such."   Besides, the defendant in his answer says "as a second defense," that he "alleges and will prove as matters of justification of publishing said alleged articles." Thereafter he inserts what he maintains is a justification of the libel set out in the complaint.   The rule that a justification in an answer must be as broad as the charge which it seeks to justify was reaffirmed in *Hathorn* v. *Spring Co.,* 44 Hun, 608.   We think the justification is defective in not stating the particulars and facts tending to establish the truth of the alleged libelous words.   The answer is not co-extensive with the charge in the publication; it is therefore defective.   *Fidler* v. *Delavan,* 20 Wend. 57; *Sterling* v. *Sherwood,* 20 Johns. 204.   The answer fails to show that the plaintiff is guilty of the offense imputed to him in the language set out in the complaint.   We think the words found in the complaint were libelous within the rule laid down in *Sanderson* v. *Caldwell,* 45 N. Y. 398, and we think the language used by ANDREWS, J., in that case is applicable to the case before us, when he said: "Considering the language of the libel in connection with the extrinsic facts proved, that the plaintiff was, at the time, a lawyer engaged in the practice of his profession, it is a just inference that the words used related to him in his professional character.   *   *   *   When the words spoken have such a relation to the profession or occupation of the plaintiff that they directly tend to injure him in respect to it, or to impair confidence in his character or ability, when, from the nature of the business, great confidence must necessarily be reposed, they are actionable, although not applied by the speaker to the profession or occupation of the plaintiff."   Id. 405; *Bergmann* v. *Jones,* 94 N. Y. 52.   In *Cruikshank* v. *Gordon,* 1 N. Y. Supp. 443, it was said that "a charge, made maliciously, in respect to the professional capacity of a person, which, if true, would render him unworthy of employment, is actionable *per se.*"   In *Henderson* v. *Association,* 46 Hun, 505, it was said, viz.: "The plaintiff is a lawyer and notary public, and the words are charged to have been published concerning him.   This is a good cause of action.   It is not necessary to set forth extrinsic facts showing the application to plaintiff.   Code, § 535.   And none are needed to show the words to be capable of a libelous meaning in themselves.   None other seems possible."   The learned counsel for the appellant calls our attention to *Kingsbury* v. *Bradstreet Co.,* 116 N. Y. 211, 22 N. E. Rep. 365; but in that case "the words and character of the circular, standing by themselves, were incapable of a defamatory meaning."   It was therefore held that, "in the absence of averment and proof of facts showing that they had a latent meaning of that character, there was no question of fact for the jury."   We see nothing in the case which aids the contention of the appellant.   We are quite well satisfied with the views expressed in the opinion of the learned judge at special term.   We sustain the conclusion reached at the special term.   Judgment affirmed, with costs, with leave to appellant to amend his answer upon payment of the costs of the demurrer and of this appeal.   All concur.