MICHAEL FITZGERALD, Appellant, *v.* JOHN GEILS, Respondent.

*Slander — words actionable per se — an allegation of special damage is unnecessary.*

A charge made maliciously in respect to the professional capacity of a person, which, if true, would render him unworthy of employment, is actionable *per se*, and in an action brought to recover damages for the uttering thereof no allegation of special damage is necessary.

APPEAL by the plaintiff, Michael Fitzgerald, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 21st day of October, 1893, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Westchester Circuit, and also from an order made at the Westchester Circuit on the 12th day of October, 1893, and entered in said clerk's office, dismissing the complaint and ordering judgment upon the pleadings.

*Charles H. Noxon,* for the appellant.

*Martin J. Keogh,* for the respondent.

PRATT, J.:

This is an appeal from a judgment rendered upon an order made at Circuit, dismissing a complaint upon its face in an action of slander. The complaint is as follows:

"The plaintiff above named, complaining of the above-named defendant, respectfully shows to the court and alleges :

"*First.* That at all times mentioned in this complaint, both he and the defendant have been, and now are, residents of the county of Westchester and State of New York.

"*Second.* That between the first day of October, 1892, and the first day of May, 1893, at divers times, in the village of New Rochelle, Westchester county, New York, and vicinity, the defendant, in the presence and hearing of a number of persons, maliciously spoke, concerning the plaintiff, the false and defamatory words following : ' The plaintiff is a drunkard,' and ' by reason of plaintiff's drunkenness, he is no good any more as a mechanic.'

"*Third.* That plaintiff's only means of supporting himself and his family is as a carpenter and builder.

"Whereby the plaintiff was injured in his reputation to his damage five thousand dollars.

"Wherefore, plaintiff demands judgment against the defendant for five thousand dollars, with the costs of this action."

The only criticism that can be made upon it is that it does not allege that the words were spoken of and concerning the trade or business of the plaintiff, and that he was therein specially injured and does not allege special damages. But it is evident from the face of the complaint that the words were spoken of and concerning plaintiff's trade, and under the Code the complaint sets forth a good cause of action.

It has been recently held in this district that a charge made maliciously in respect to the professional capacity of a person, which, if true, would render him unworthy of employment, is actionable *per se.* This renders any allegation of special damage unnecessary. (*Cruikshank* v. *Gordon,* 48 Hun, 308.) But if it be assumed that the above case is not good law, we think the plaintiff should have been allowed to amend by inserting in his complaint an allegation of special injury and damage. (*Lynde* v. *Johnson,* 39 Hun, 12; *Fowles* v. *Bowen,* 30 N. Y. 20.)

Judgment set aside and motion denied, with costs.

BROWN, P. J., concurred, stating that *Cruikshank* v. *Gordon* was affirmed in 118 N. Y. 178; DYKMAN, J., not sitting.

Judgment and order reversed and new trial granted, costs to abide event.